The Clerk of this Court having refused to tax and allow a number of the items and charges in the bill of costs drawn by the Attorney of the demandant, an appeal was taken by the Attorney from the taxation of the Clerk. The questions involved appear in the-opinion of the Court, which, after argument, was delivered by
HoitisBLOWER, C. J.
We have carefully examined the bill of costs subjected to our consideration in this case, with a view, so far as it will go, to lay down some rules and state some principles by which practitioners and taxing officers ought to be guided in drawing bills of costs. We must not forget that cosls are given by statute, and are not to be increased or diminished at the discretion of the court, or the taxing officer. It is true, there are many services, incidentally arising in the progress of a cause, and in some species of actions more frequently than in others, that are,not specifically provided for in the fee bill, and1 for which there ought to be a reasonable compensation ; but we are not at liberty to fix that compensation, or to extend the provisions of the statute to reach such cases. The statute must be our guide, and after giving to it a fair and liberal construction in its application to this case, the result is, that the,following items must be stricken *113 out, and the bill corrected in the particulars mentioned below, viz:
1. Strike out the breviat and copy, charged in November term 1841; no motion having been made at that term requiring a brief. Eifty-four cents.
2. The terra fee, for November term 1842, two terms fees having been previously charged, and the judgment being by default. Eighty cents.
3. In vacation and November term 1842, the attorney has charged for serving two copies of a rule; one on the defendant himself and one on his attorney, and also for drawing, taking and filing an affidavit of service; and over and above that, for filing an acknowledgment of service. This was certainly á work of supererogation. There is no allowance in the fee bill, for serving copies of rules, or for the attorneys making copies to be served; but they are in fact, when necessary to be served, in the nature of and considered as notices to the parties, and may therefore by analogy be charged for as such. Excess in this case, Seventy-one cents.
4. Motion for writ of admeasurement of dower &c. This is incident to and follows the judgment; it is part of and included in the judgment, quod recuperet, and is all embraced in one motion and one rule. The motion for a writ of inquiry, is a separate proceeding, and may not become necessary, and may be moved for at another term. Excess one dollar and eighty-seven cents.
5. The attorney has charged for serving notice of executing writ of inquiry on defendant and also on his attorney. One is sufficient. Twenty cents.
6. Strike out charges for entering action, calling and swearing jury, and crier’s fees for same, and for swearing witnesses, and clerk for recording papers and swearing constable. There are no such charges on executing a writ of inquiry. The sheriff is to cali and swear the jury and witnesses, and the attorney'is to read his own papers. One dollar and fifty cents.
7. Also the fees and mileage allowed the plaintiff’s attorney, for attending himself as a witness. He was there in the discharge of his duty as attorney or counsel for his client. We cannot countenance the practice of attorneys charging for their *114 attendance in court as witnesses for their clients, when their duty to their clients requires them to be there. Three dollars and seventy-three cents.
8. Surveyors fees. No allowance in the fee bill for surveyors. If necessary the plaintiff must pay them. Three dollars.
9. Motion for judgment nisi and rules. There is no such motion. There is an interlocutory judgment, quod recuperet, and judgment final. The former had already been entered and charged for; the latter, viz : judgment final is always nisi, until the four days expire, when it becomes final without any new motion. One dollar and eighty-seven cents.
10. Motion to read and file inquisition and return &c. This is a fabrication. On the return of a transcript and postea, there is a motion that they be filed and judgment entered. Butin this case the attorney has made a separate charge for motion for judgment on the inquisition. One dollar and eighty-seven cents.
11. Attorney and counsel trial fee, breviat and copy, and motion for final judgment. He has had allowance for that on the inquisition. Five dollars and fifty-four cents.
12. Overcharge on drawing costs and copy. It should be only fifty-four cents. One dollar and thirty-eight cents.
The aggregate amount of these sums must be deducted from the bill as drawn by the attorney. It being on his own appeal from the clerk’s taxation, he must pay the costs.
Cited in Apperson v. Mut. Ben. L. Ins. Co., 9 Vr. 390.