MARY A. LANGAN ET AL., APPELLANTS, V. THOMAS WHALEN ET AL., APPELLEES.

FILED DECEMBER 7, 1906. No. 14,537.

**Costs.** Nothing can be taxed as costs in an action except such items as are prescribed by statute or are expressly authorized by the consent or agreement of the parties.

APPEAL from the district court for Hall county: JAMES R. HANNA and JAMES N. PAUL, JUDGES. *Reversed with directions.*

*O. A. Abbott,* for appellants.

*R. R. Horth, contra.*

AMES, C.

Appellants prosecuted in the district court an action against the appellees, which resulted in a trial and judg-

ment for the defendants. From the judgment appellants desired to prosecute appeal or error to this court, and paid in advance to the official stenographic reporter of the court the compensation to which he was entitled by law for making a transcript of the oral evidence to be embodied in a bill of exceptions. The reporter neglected to make a transcript, and absconded from the state. Because of this circumstance, which deprived the plaintiffs of their right of review, they began and prosecuted an action to obtain a new trial in the district court. Appellees alleged, by way of defense, that the stenographic notes of the testimony made by the reporter were in the possession of his deputy, and that the latter was competent and willing to make the requisite transcript thereof. This allegation the plaintiffs denied, but upon its being supported by the oath of the deputy, a young woman, the court directed her to perform the service and continued the cause so as to afford her sufficient time for so doing. Afterwards she produced what she testified was a true transcript of the reporter's notes, but the plaintiffs objected to it as not being accurate and as being otherwise not in compliance with the statute. At the final hearing the court found "that no true and correct bill of exceptions can be procured," and rendered a judgment vacating the former judgment and granting a new trial as prayed. The order directing the transcript to be made by the deputy prescribed that each of the parties should bear one-half of the expense thereof until the final order of the court, but this direction was not complied with, and there was taxed against the plaintiffs, in the judgment awarding a new trial, the sum of $50.75 as an item of costs for the making of the transcript and of certain exhibits attached thereto. The plaintiffs moved to retax the costs by expunging this item, but the court overruled the motion, and they appealed to this court.

The order denying the motion to retax is sought to be sustained by the oath of the deputy, who testified that before making her transcript, but immediately after the court had ordered the same to be made, she had a conversa-

tion with the plaintiffs' attorney, outside the court room, in which she told him that her charge for doing the service would be 25 cents a folio, five times the statutory rate, and that the latter replied: "That's all right; that's very reasonable." This testimony was not disputed, but it was admitted over the objection and exception of the plaintiffs, and was, we think, wholly impertinent to the issue being tried. The most that can be inferred from it, if even so much can be inferred, is that the attorney entered into a contract with the deputy entitling her to certain compensation for certain contemplated services.

We suppose it to be unnecessary to cite authority to the effect that nothing can be taxed as costs in an action except such items as are prescribed by the statute or are expressly authorized by the consent or agreement of the parties. *Geere v. Sweet*, 2 Neb. 76. Not only is there in this record nothing tending to show such a consent, but the record discloses an explicit and persistent dissent and objection by the plaintiffs to the procurement of the services in question and to the incurring of any obligation with respect to them. If any agreement can be inferred from the conversation outside the court room, it falls far short of a consent that the amount of compensation there mentioned, or any other amount, shall be taxed as costs in the action.

We recommend that the order of the district court be reversed and the cause remanded, with instructions to retax the costs in conformity with law.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the order of the district court be reversed and the cause remanded, with instructions to retax the costs in conformity with law.

REVERSED.