JAMES RIZIO, JR., BY HIS NEXT FRIEND, JAMES RIZIO, SR., AND JAMES RIZIO, SR., INDIVIDUALLY, PLAINTIFFS, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT.

Submitted July 20, 1942—Decided October 16, 1942.

Before Justice HEHER, at the Passaic Circuit.

For the motion, *Vincent C. Duffy*.

*Contra, Henry H. Fryling* and *Henry J. Sorenson*.

The opinion of the court was delivered by

HEHER, J. The action is in tort for negligence in the operation of a motor vehicle. There was a verdict of $5,000 for the infant plaintiff and $1,000 for his father. Thereupon, the clerk taxed the costs at the rate laid down in *R. S.* 1937, 22:2-9. Defendant was allowed a rule to show cause why the awards should not be set aside as excessive; and, after argument, the trial judge directed that the rule be made absolute unless consents were given to the reduction of the first to $2,500 and the second to $500. The condition was fulfilled. The clerk taxed costs in favor of plaintiffs on the rule to show cause, without notice to defendant. On error the judgment entered on the verdict as thus reduced was affirmed. 128 *N. J. L.* 60.

And now, upon the coming down of the *remittitur*, plaintiffs move for the allowance of double costs, not only in the Court of Errors and Appeals, but in the Supreme Court on the judgment and on the rule to show cause. Defendant maintains that double costs are not recoverable, and that costs should be taxed in its favor on the rule to show cause.

Only ordinary costs are allowable on the judgment entered in the Supreme Court. The right to costs is a creature of statute; there is no such allowance at common law. *Lehigh Valley Railroad Co.* v. *McFarland,* 44 *N. J. L.* 674; *Apperson* v. *Mutual Benefit Life Insurance Co.,* 38 *Id.* 388. The statute makes no provision for double costs on the entry of a judgment in the Supreme Court in the exercise of this particular original jurisdiction. Plaintiffs invoke section 22:2-9, *supra.* But that merely provides for the taxation of double costs "in error or on appeal in cases where appeal has superseded error, as otherwise provided by law." And section 2:27-385.3 directs that double costs shall be assessed against a person who shall sue out a writ of error, or take an appeal in any case in which appeal has superseded error, for reversal

of a judgment "given after any verdict in any court of record of this state," if the judgment shall be affirmed.

These sections plainly have reference only to the taxation of costs in the appellate court. Statutory provisions for costs are strictly construed, especially those of a penal character, such as are now under consideration. *Shields* v. *Lozear,* 34 *N. J. L.* 530. See, also, *Fidelity and Deposit Co.* v. *Brock's Garage,* 92 *Id.* 239; *International Watch Co.* v. *Delaware, Lackawanna and Western Railroad Co.,* 82 *Id.* 459; *Lehigh Valley Railroad Co.* v. *McFarland, supra; Hastings* v. *Mayberry,* 1 *Id.* 35; *Stave* v. *Giant Food Arcade,* 126 *Id.* 75. The legislative design was thus to penalize the taking of unmeritorious appeals.

And defendant is not chargeable with costs on the rule to show cause, for it prevailed in substantial part on the issue thereby raised. In such circumstances, neither party is entitled to costs. Compare *Robinson* v. *Hedges,* 3 *N. J. L.* 262. Ordinarily, costs may be disallowed in the discretion of the court. *R. S.* 2:27-376. There is no contention that the application to be relieved of these costs comes too late after the affirmance of the judgment by the court of last resort, and therefore no occasion to consider the point. See, in this connection, *R. S.* 1937, 2:27-407; 2:27-415; 2:27-420; also *Northampton Live Stock Insurance Co.* v. *Stewart,* 40 *N. J. L.* 103; *Kinney* v. *Central Railroad Co.,* 34 *Id.* 273. The costs taxed on the rule to show cause will therefore be disallowed.

It is not within the jurisdiction of the Supreme Court to double the costs allowed in the Court of Errors and Appeals on the affirmance of the judgment. That is the exclusive function of the court of last resort. Such costs are an integral part of the latter judgment, rather than an incident of the judgment entered in the Supreme Court. *Hopper* v. *Smith,* 72 *N. J. L.* 168; *Kinney* v. *Central Railroad Co., supra.* And it goes without saying (although counsel seems to have the contrary view) that a single judge of the Court of Errors and Appeals is not invested with this authority.

An order may be entered in conformity with these conclusions, without costs.