MUHLEMAN & KAYHOE, INC., v. JACOB BROWN.

482

*(November* 1, 1946.)

SPEAKMAN, J., sitting.

*Alexander L. Nichols* (of Morris, Steel and Nichols) for plaintiff.

*S. Lester Levy* for defendant.

Superior Court for New Castle County, No. 85, September Term, 1944.

484

SPEAKMAN, Judge:

██ ██ At common law costs were not recoverable eo nomine. Costs, therefore, ordinarily can be imposed and recovered only in cases where there is statutory authority therefor. 20 *C.J.S., Costs,* § 2, p. 259. Generally, costs may be described as the statutory fees to which officers, witnesses and others are entitled for their services in an action or proceeding, to be taxed or included in the judgment entered in the proceeding. In some instances, not here applicable, authority is given to the Court to tax or impose costs. In most cases the amounts to be taxed as costs in civil cases are to be found in Chapter 156 of the *Revised Code* of 1935. This Chapter is usually referred to as the "fee bill." My attention has not been directed to any provision of law, pertinent to the application before me, except the following, which are contained in Sections 19 and 34 of the Chapter. (Code Sections 5362 and 5377)

"5362. Sec. 19. Witnesses:—For attendance in any Court, * * * each day two dollars, and three cents per mile going and returning."

"5377. Sec. 34. Construction of Chapter: * * * — The provisions of this Chapter shall be construed strictly; * * *."

In considering the application of the plaintiff, the above

provisions must be my guide to the extent that they are applicable.

There is no question concerning the item of $10 paid by the plaintiff to the Prothonotary, it is not taxable as costs. It was deposited with the Prothonotary, as required by Section 5349 of the *Revised Code* of 1935, as a guarantee for the payment of the fees and costs in his office, and upon their payment by the defendant, the sum will be returned by the Prothonotary to the plaintiff.

The request that $2 be taxed for the expense of photostatic copies of exhibits is difficult to understand. Frequently permission is granted to litigants to withdraw exhibits and to substitute, in lieu thereof, photostatic copies. This, in most cases, can only be done by agreement of the parties, and when done, it is generally at the request of the party on behalf of whom the exhibits were introduced. In the absence of evidence showing the reason for the withdrawal of the exhibits, I will assume that they were withdrawn for the accommodation of the plaintiff. I am aware of no statutory provision which would permit me to order this item of $2 to be taxed as costs, and therefore it will not be so ordered.

With respect to the claim for witness fees and expenses, other than the authority given to the Court by Code Section 4706, to fix the fees for witnesses testifying as experts or in the capacity of professional men, I know of no provision of law which permits the Court to fix the amounts payable to witnesses as fees and expenses. The statute (Code Section 5362) specifically fixes such amounts at two dollars per day and three cents per mile going and returning. As in Delaware, "fee bills" are provided by law in many States. In those States having "fee bills," where the question has arisen, it has uniformly been held that the Courts are not

at liberty to extend the provisions of the law. Some of the cases are *Henry v. Murphy,* 54 *Ala.* 246; *Ex parte Badgett,* 6 *Ark.* 280; *Anonymous,* 20 *N.J.L.* 112; *Sinclair v. Missouri, K. & T. Co.,* 74 *Mo. App.* 500; *Langan v. Whalen,* 77 *Neb.* 658, 110 *N.W.* 668; *Roberson v. Draney,* 54 *Utah* 525, 182 *P.* 212; *Weinhagen v. Hayes,* 179 *Wis.* 62, 190 *N.W.* 1002.

In *Apperson v. Mutual Ben. Life Ins. Co.,* 38 *N.J.L.* 388, a question arose relating to witness fees, mileage and expenses, which is exactly like the question before me concerning those items. There application was made for the taxation and allowance of $100 paid to the witness for his attendance, $25.75 paid for railroad fare in traveling, $5.00 a day for two days, for the reasonable expenses of the witnesses' attendance upon the Court. It was claimed by the plaintiff that he should have an allowance for these sums, or some portion thereof. The Court said:

"The word costs is a word of known legal signification. It signifies, when used in relation to the expenses of legal proceedings, the sums prescribed by law as charges for the services enumerated in the 'fee bill.' Costs are only recoverable by force of a statute, and the allowance of them, in any case, will depend on the terms of the statute."

█ No order will be made for the payment of witness fees and expenses, for any amount beyond that fixed by law.

█ Concerning the taxability as costs of the premium on the replevin bond, as stated by the plaintiff, there appears to be no precedent in Delaware. In 14 *Am.Jur.* 36, it is said that the general rule seems to be that, in the absence of statutory authority, the premiums paid for a bond in a pending action may not be taxed as costs therein. This statement is amply supported by cases in the State Courts, as shown by the annotation in 81 *A.L.R.* at page 1532. In the Federal Courts the cases are in conflict. The reason

for this, at least in part, seems to be because in the amount and award of costs some Federal Courts have followed the State law. See *Williams v. Sawyer Bros.,* (2 *Cir.*) 51 *F.* 2d 1004, 81 *A.L.R.* 1527. The general usage in this State has been not to treat the premiums paid on replevin bonds as taxable costs. We have no statute, rule of court or usage by which a plaintiff can be required to give corporate surety in such cases, nor is there any statutory authority to tax the premium paid on such surety bonds when given. The amounts paid as premium on the bond will not be ordered to be taxed.

Upon the payment of the costs in the case, the witnesses who testified at the trial will be entitled to receive two dollars, and three cents per mile going to the Court and returning therefrom for the distance traveled within this State, for each day's attendance. According to the usage in this State, there can be no allowance for mileage for any distance traveled outside of the limits of the State.

The Prothonotary is directed to tax the fees and mileage of the witnesses who testified, as provided in the fee bill. Except as here stated, the motion to tax costs is denied.