310 P.2d 801

**Nick LESEKATOS, Plaintiff-Respondent,**

**v.**

**Earle E. KOEHLER, Commissioner, Department of Law Enforcement, State of Idaho, Defendant-Appellant.**

**No. 8486.**

Supreme Court of Idaho.

April 16, 1957.

Rehearing Denied May 20, 1957.

Graydon W. Smith, Atty. Gen., Elbert E. Gass, Edward J. Aschenbrener, T. J. Jones, III, Asst. Attys. Gen., for appellant.

Jones, Pomeroy & Jones, Pocatello, for respondent.

KEETON, Chief Justice.

On the 2nd of February, 1956, appellant Earle E. Koehler, Commissioner of the Department of Law Enforcement, caused to be served on respondent Nick Lesekatos, a notice of intention to revoke liquor license No. 131, formerly issued respondent, and advised respondent by the notice so served that he had reasonable cause to believe that respondent sold or caused to be sold, liquor by the drink between the hours of 1:00 a. m. and 10:00 a. m. on January 28, 1956, contrary to the provisions of Sec. 23–927, I.C.

On the 6th of February respondent filed a complaint against appellant, praying for a restraining order, both temporary and permanent, to prohibit the revocation of said license, and in the complaint specifically alleged that he did not sell or cause to be sold liquor by the drink as alleged in the notice of intended revocation.

In his answer in response to a show cause order, appellant alleged that one Wallace R. Connolly had purchased liquor by the drink on the licensee's premises from one Jack Thomas, an unlicensed bartender, on or about January 28, 1956, at approximately the hour of 8:24 a. m., contrary to law.

On a trial of the issue so joined, Jack Thomas identified himself as Peter Thomas, a janitor employed by respondent in the place and on the date the liquor was allegedly sold; swore that he did not sell any liquor on the 28th of January or at any other time; that he never acted as a bartender and was hired by respondent to do certain janitor work on the licensed premises. Wallace R. Connolly, the person to whom the liquor was allegedly sold, was then identified, and after looking him over, the witness swore he had never seen him before. Respondent Lesekatos was then

sworn and testified he was the owner and proprietor of the premises on which the liquor was allegedly sold and that Thomas was not hired as a bartender; that he (Thomas) had been given strict orders not to sell or give any liquor to any one.

In defense of the action, Wallace R. Connolly was sworn and testified that he was an investigator for the liquor law enforcement; that he was in Nick's Bar (meaning Lesekatos' place of business) on January 28, 1956, at about 8:24 a. m.; that there were in the barroom at that time a white woman, three Indians, one white man, himself and the bartender. Other than Thomas none of the other persons mentioned testified. Connolly then identified Jack Thomas, the person who had formerly testified; and testified that at that time and place he purchased from said Jack Thomas, a straight shot of whiskey, for which he paid fifty cents, which he (Thomas) rang up on the cash register. The witness then produced a sample of the whiskey so allegedly purchased, which was admitted in evidence.

Over objection some other alleged prior violations, not specified in the notice of intended revocation were admitted in evidence.

In the minutes of the court and the summary of the evidence, the trial judge limited the inquiry to the alleged sale on January 28, 1956; disregarded other claimed violations as not within the issues; found that Thomas was an employee, hired by respondent to clean up and his duties did not include those of a bartender; that the premises where the sale was allegedly made was not an exclusive liquor by the drink place, but was a place which had other merchandise for sale, including non-alcoholic beverages, and among other findings found that cause did not exist to revoke respondent's liquor license. By a judgment entered appellant, and those acting for him, were restrained from revoking retail liquor license No. 131 on the basis of the charge made. From the judgment so entered this appeal was taken.

In assignments of error appellant contends that the trial judge did not find on all material issues and complains of certain reasons given by the trial judge in the minutes, and statements he made for sustaining the contention of respondent.

We shall not discuss separately the numerous assignments of error (eleven in number) but shall group for discussion those pertinent to a decision.

■ The only issue presented is whether the sale as alleged was made. On the issue the testimony was conflicting. The investigator Connolly testified to the purchase. The witness Thomas denied it. There was no corroboration of Connolly's testimony, whereas there was some corroboration of the testimony of the witness Thomas.

A review of the intended action of appellant to revoke the license is specifically au-

thorized by Sec. 23–933, I.C. This section, among other things, confers jurisdiction in the District Courts of the State to have the intended action of the Commissioner reviewed and provides "If the court shall determine that cause did not exist for the intended action of the commissioner he shall issue his decree accordingly and the commissioner shall comply therewith".

Where there is a conflict in the evidence and there is evidence supporting the decision of the trial court to sustain it, such determination will be sustained on appeal.

While the trial judge did not specifically find that the sale of liquor as charged was not made, the finding entered can only be interpreted as a finding that appellant did not by the evidence sustain the burden of proof necessary to deprive respondent of his property.

The burden of proof of the violation complained of was on appellant. Probable cause to revoke the license in this case would require proof, and a finding that the law regulating sale of liquor by the drink had been violated as charged.

Other propositions of law argued by appellant have been considered. We do not find it necessary to discuss them for the reason that they are not pertinent to a decision. Judgment is affirmed.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.