318 P.2d 1096

**R. A. HARRISON and Myrtle Harrison, husband and wife, Plaintiffs-Respondents,**

**v.**

**Jerald D. PENCE, Defendant-Appellant, State of Idaho, Defendant,**

**and**

**General Insurance Company of America, Intervenor.**

**No. 8460.**

Supreme Court of Idaho.

Dec. 2, 1957.

Whitla & Knudson, Coeur d'Alene, for appellant.

Graydon W. Smith, Atty. Gen., Allan G. Shepard, Asst. Atty. Gen., for the State.

James W. Ingalls, Coeur d'Alene, for intervenor.

J. Ward Arney, Coeur d'Alene, for respondents.

McQUADE, Justice.

R. A. Harrison and Myrtle Harrison, husband and wife, brought this action against the State of Idaho and its employee, Jerald Pence, for personal injuries and property damage which are alleged to have been caused by the negligence of Pence. General Insurance Company of America, seeking to recover the amount it paid under an insurance policy to the Harrisons for damage to their automobile, was made a party plaintiff by intervention. Under the complaint, the State of Idaho was made a nominal defendant only, and to the extent of its insurance policy. The plaintiffs are not seeking a judgment against the State of Idaho, but only against the insurance carrier.

Generally, the facts are that R. A. Harrison, on the thirtieth day of June, 1952, was driving easterly on a highway within the State of Idaho which is designated as U. S. Highway No. 10, and Myrtle Harrison was sitting at his right. Traveling easterly from Coeur d'Alene, Idaho, the Harrisons had passed the turn-off to Harrison, Idaho, when the alleged collision occurred between their car and a rubber-tired mobile scoop owned by the State of Idaho and operated by the defendant, Jerald Pence.

Near the point on the highway where the plaintiffs' car overturned there was a berm of mixed gravel. This berm was off the highway and off the shoulder of the highway. Pence had proceeded westerly along the highway to a point opposite the westerly end of the berm, and had pulled his scoop about halfway off the highway to allow two cars behind him to pass before turning the scoop crosswise in the highway in order to cross over to the berm of gravel on the southerly side of the highway.

Harrison, coming around a curve, saw a car approaching, and as he proceeded farther down the highway, he saw another automobile behind the first car drive from the west-bound into the east-bound traffic and then return.

After the second car traveling westerly passed the machine, the operator Pence looked in both directions and turned his machine across the road. He then proceeded across the highway to the extent of having the scoop portion two feet into the east-bound lane of traffic.

Immediately after passing the second car, Harrison complains he was struck by the mobile scoop. Neither Harrison nor Pence saw the other until the moment of the accident. Harrison claims his car was struck by the scoop of the tractor. On the other hand, Pence stated that the Harrison car was skidding as it went by.

Three other witnesses testified they heard a loud noise or "bang" just before the Harrison car overturned.

As a result of the car's overturning, Mrs. Harrison suffered personal injuries to her neck, spine, and nervous system. Injuries to R. A. Harrison were bruises on the right shoulder and over the abdomen, and his

left shin was skinned. Repair damage to the automobile was greater than its value. The jury awarded damages to Mrs. Harrison for personal injuries to her neck and back, and awarded Mr. Harrison damages, and the General Insurance Company was awarded damages.

At the time of the accident, Mr. Pence was not actually engaged in repairs to the highway, nor were there warning signs on the highway immediately west of the place where Mr. Pence was turning his machine.

Both plaintiffs alleged the State of Idaho had a policy of insurance covering personal injuries and property damage which they had suffered as a result of the negligent use of the scoop. The State and Mr. Pence deny a policy is in existence covering such machine or for such injuries. The record discloses a premium had been paid by the State of Idaho for an insurance policy. The defendants further allege governmental immunity, and Pence claims the sovereign's immunity extends to the servant.

This opinion is limited to the validity of the judgment against the defendant Pence, inasmuch as the State did not take an appeal from the judgment entered.

■ In the appellant's brief there are 21 assignments of error, all dealing with the instructions of the trial court to the jury. There are no authorities nor argument in the brief on these assignments of error. There is no section in the brief on Points and Authorities as required by Rule 41, section 2, of the rules of this Court. However, this Court in previous cases has taken up those assignments of error which have been treated in the argument section of the appellant's brief, and has treated those which had no authorities cited or argument made as abandoned. Upon this line of reasoning, it is concluded the specific assignments of error were abandoned.

In the instant brief there is considerable overlapping of the contentions of the appellant Pence; therefore, in considering the manner in which the case has been presented to the Court, only those errors which are appropriate to a disposition of the case will be discussed herein. They are as follows:

1. Whether governmental immunity extends to an employee for his negligence.

2. Whether there was sufficient evidence upon which to base a judgment for the plaintiffs and the intervenor.

3. Whether there is public liability coverage in the insurance policy, and if the State had authority to make payment of the premium.

4. Are certain costs allowable?

■ There is no conflict in the application of the immunity principle. Appellant cites Peterson v. Bannock County, 61 Idaho 419, 102 P.2d 647, 648, for the proposition that the agent is immune along with the sovereign for his negligence. However, in that case the Court was not talking about

an agent, but rather a principal. In that state of facts the county was a party, and the Court said:

> " 'Counties may be said to be true public corporations. They are local organizations, which for the purposes of civil administration are invested with a few functions characteristic of a corporate existence. They are legal political subdivisions of the state, created or superimposed by the sovereign power of the state of its own sovereign will, without any particular solicitation or consent of the people within the territory affected. * * * ' "

In Restatement, Torts, sec. 888 c. (1939), the following appears:

> "*Public officers.* While there is no immunity by the mere fact that one is a public officer, there are many situations where a person may be protected by the command of a superior or the existence of a privilege held by him because of his official position or because of a privilege held by another on whose account he acts * * *. Where, however, the other has not a privilege but has merely an immunity from civil liability, as is the case of a municipal corporation which is not liable for tortious conduct committed by its servants while in the performance of a governmental function, the person who acts does not share the immunity. * * * "

See also 43 Am.Jur., Public Officers, sec. 279, p. 92; Rowley v. City of Cedar Rapids, 203 Iowa 1245, 212 N.W. 158, 53 A.L.R. 375.

In the trial of the case, the conflicting evidence went to whether the scoop had actually struck the car, or if excessive speed on the part of Harrison was the principal causative factor of the accident. An examination of the record fails to support the theory of excessive speed, either directly or circumstantially. Harrison and his wife both testified the machine operated by Pence rammed their automobile. Three witnesses heard a loud noise or "bang" and immediately looked toward the Pence machine and the Harrison car. At that instant they saw the Harrison car start to overturn. One eyewitness who heard the noise also stated the car's wheels were cramped and brakes applied at the time it started to overturn. Pence denied striking the car with the scoop part of the machine, but stated the machine extended two feet into the Harrisons' lane of traffic. None of the witnesses observed the Harrison car prior to hearing the noise, which attracted their attention to the car.

 Upon such conflicting evidence, the jury was entitled to draw the conclusion that Pence did in fact drive his machine into the side of the Harrison car. Where there is competent, substantial, though conflicting, evidence to support the findings of fact by the trier of the facts, these will not

be disturbed on appeal. Petersen v. Holland, 79 Idaho 63, 310 P.2d 810; Lesekatos v. Koehler, 79 Idaho 21, 310 P.2d 801; Jordan v. Securities Credit Corporation, 79 Idaho 284, 314 P.2d 967.

In 1951, Anchor Casualty Company undertook to insure equipment of the Highway Department of the State of Idaho against personal liability and property damage. The defendant Pence advances a defense that the policy is not one of personal liability other than for automobiles, and a further defense in the vein that the state had no right to buy such a policy.

■ It clearly appears on the face of the policy and endorsements thereto that the Anchor Casualty Company accepted a premium to insure this type of highway department vehicle against bodily injury and property damage liability. The coverages are as follows:

| Coverages | Limits of Liability | | Premium |
|---|---|---|---|
| Bodily Injury Liability | $10,000.00 | each person | $5,944.56 |
| | 20,000.00 | each accident | |
| Property Damage Liability | 5,000.00 | each accident | 3,655.44 |

An endorsement to the policy reads:

"In consideration of the reduced premiums at which this policy is written it is agreed that the insurance provided thereby shall apply only to automotive equipment and miscellaneous equipment such as tractors, graders, crawler shovels, mowers, rollers, scoopmobiles and loaders, owned, hired or operated by the Department of Highways, State of Idaho and shall not apply to such equipment operated by other departments of the state of Idaho. As respects shovels, the insurance provided by this policy shall not apply to the operation of the shovel."

■ Included in the costs were expense of pictures, $12.50, and preparation of photostatic copy of the insurance policy, $7.05. Right to recover costs is statutory. Feenaughty Machinery Co. v. Turner, 44 Idaho 363, 257 P. 38. There being no statute authorizing the inclusion of these expenses in the cost bill, they are hereby disallowed.

The judgment is reversed as to the costs complained of, and affirmed as to the remainder of the judgment.

Costs to respondent.

KEETON, C. J., and PORTER, TAYLOR and SMITH, JJ., concur.