John BRAUN and the United States Fidelity and Guaranty Company, a Corporation, Plaintiffs,

v.

HASSENSTEIN STEEL COMPANY, a Corporation, Defendant.

Civ. No. 1119.

United States District Court
D. South Dakota, S. D.

Feb. 5, 1959.

See also, 21 F.R.D. 343.

Chester W. Johnson, Minneapolis, Minn., and Cherry, Braithwaite & Cadwell, Sioux Falls, S. D., for plaintiff Braun.

Davenport, Evans, Hurwitz & Smith, and John P. McQuillen, Sioux Falls, S. D., for defendant.

Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for plaintiff, U. S. Fidelity & Guaranty Co.

BECK, District Judge.

This is a review under Rule 54(d), 28 U.S.C.A., of the Clerk's action in disallowing certain exceptions by the plaintiffs to the defendant's "statement of costs", in the case, and taxing the total at $1699.69, that amount being $624.24 less than the total original which was $2323.93.

Plaintiffs' exceptions insofar as they were disallowed falls in either one of five cost categories: (1) Photographs; (2) Transcripts Procured from Court Reporter During Progress of Trial; (3) Discovery Depositions; (4) Limitations on Witness Expense; and (5) Costs Incurred by the Defendant, before USF& G became a party to the case.

A total of $410.63, comprising items $35.95, $80, $6.50 and $288.18 shown in the cost statement comes within Category No. 1. Item $9.80 falls in No. 2. The $189, the $79, the $84.50, the nine $4 items for $36, the $24.80, the $16.75, the $67, the $20 and the $24.95 totaling $542 are in Category No. 3. The two items each for 86.40 and another two items each for $17.28, the $134.40, the $117.60, the $93.60 and two more items each one for $50.40, total thereof being $653.76, are in Category No. 4, and in No. 5 comes the hereinbefore mentioned nine $4 items, the $189, the $79, the $84.50, the $24.80, the $20 and the $16.75 for a total of $450.05.

The amount the defendant claims as allowable taxable costs, the amount the Clerk allowed, the amount which should have been taxed according to the plaintiff's exceptions, and the $500 claim for the plastic model disallowed by the Clerk and not excepted to on this review, demonstrates sharp difference of opinion between counsel as to what costs may be taxed by the prevailing party. Wide divergence of views as to what rules should be applied, is found also in their respective briefs, one of the parties, even going so far as to insist that: "it would be a strange situation to now have the court decide that the authorities relied on by the Clerk should be ignored and other authorities substituted as a basis for depriving the defendant of its costs in this matter."

General observations, concerning the nature and character of the case and the preparation for the trial of it, will give background for the rules to be applied for each of the mentioned categories of items, under controlling statutes, federal rules and cases having bearing on the question of allowable taxable costs.

The damages sought to be recovered, originally exceeded three-fourths of a million dollars and finally, under amendments, more than one-half million dollars. The accident on the construction site, which caused the plaintiff's injuries, was unusual, in a sense, in that it involved factors seldom encountered by counsel in a damage case. Preparations called for gathering of evidence to show physical facts apparent to a standby observer, and others equally important, but having meaning only to one highly trained in the science of engineering and skilled in its practical application. Theories had to be explored and surprise answers had to be guarded against. Preservation of evidence showing conditions after the accident, had to be assured. Nature and extent of plaintiff's injuries had to be ascertained and improvements, if any, carefully observed and followed. Pre-constructed models and large scale photographs were procured for purpose of giving effective factual and visual demonstrations before the jury at the trial. Hardly any detail was regarded as being unimportant and elements of chance had for all practical purposes been entirely eliminated as the blue prints for the trial were made.

The trial, too, in some respects, gives further background for the questions to be resolved on this review. Prefabricated models, aside from the plastic one, obviously made at considerable expense to the defendant, were introduced in evidence and extensively used by all parties. The authorities and experts who had been consulted before the trial, were in attendance as it took place, not only as witnesses but also as consultants on refined technical questions, repeatedly confronting counsel as the trial progressed. Present and called in from points distant more than one hundred miles, were experts, nationally or widely known in the heavy steel construction field and skilled workmen with years of experience in the trade. The trial itself moved slowly and counsel for all parties had implied assurances, to say the least, that opportunity to call all witnesses would be given and not denied.

The propriety of the total amount of the resulting expense to the defendant as it planned for and was successful in procuring a favorable jury verdict, is necessarily a matter which is exclusively within the province of the defendant and its counsel. With this phase the court is not concerned. Its only function on this review is to determine whether or not the costs claimed by the defendant and allowed by the Clerk are properly within prescribed limits.

Basic, on this question, is 28 U.S.C.A. § 1920 (1948) which provides:

"Taxation of costs

"A judge or clerk of any court of the United States may tax as costs the following:

"(1) Fees of the clerk and marshal;

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

"(3) Fees and disbursements for printing and witnesses;

"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

"(5) Docket fees under section 1923 of this title.

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree. June 25, 1948, c. 646, 62 Stat. 955," and

Rule 54(d) F.R.Civ.P. (1948) which is as follows:

"(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

The word "may" in the 1948 revision, substituted for "shall" in the one preceding it and the phrase in the rule, that, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs," are held to confer discretionary powers on the district courts in equity cases, but not in cases at law, but those powers, even in equity, because of the restrictive language contained in the statute, are regarded as limited. This distinction is forceably emphasized in the case of Andresen v. Clear Ridge Aviation, 8 Cir., 9 F.R.D. 50, 52, where the court, as it approved costs not identifiable as "taxable" but nevertheless allowable, carefully noted:

"This action for injunctive relief is equitable in its nature. The power of the court in awarding costs in it is, therefore, not circumscribed as narrowly as is the judicial authority respecting costs in

an action for the recovery of a judgment for money only."

Judge Delehant, in that case, as he appraised the impact of the statutory language on previously established precedents relating to taxable costs in equity cases, noted also:

"It is unnecessary, on this occasion, to consider the impact of that language upon the taxation of costs in actions for the recovery of money only. But in suits in equity, it seems not essentially to have altered, but rather to have adopted, confirmed, and regularized the practice which (vide supra) judicial administration had consistently developed. That view is expressed in Harris v. Twentieth Century-Fox Film Corp., 2 Cir., 139 F.2d 571, 572.", to this he adds:

"And rulings subsequent to the operative date of the rules have persisted in, and somewhat amplified, the former practice; in which course, they have undoubtedly been fortified by the cited rule. Harris v. Twentieth Century-Fox Film Corp., supra; Swan Carburetor Co. v. Chrysler Corp. [D.C., 55 F.Supp. 794], supra; Gotz v. Universal Products Co., D.C.Del., 3 F.R.D. 153; W. F. & John Barnes Co. v. International Harvester Co., 7 Cir., 145 F.2d 915, certiorari denied 324 U.S. 850, 65 S.Ct. 687, 89 L.Ed. 1410; Federal Deposit Insurance Corp. v. Fruit Growers Service Co., D.C.Wash., 2 F.R.D. 131; Abel v. Loughman, D.C.N.Y., 1 F.R.D. 734; Schmitt v. Continental-Diamond Fibre Co., D.C.Ill., 1 F.R.D. 109; Republic Machine Tool Corp. v. Federal Cartridge Corp., D.C.Minn., 5 F.R.D. 388; Curacao Trading Co. v. Federal Insurance Co., 2 Cir., 137 F.2d 911."

The opinion in Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, furnishes historical background for the rule and is summarized as follows:

"Plainly the foundation for the historic practice of granting reimbursement for the costs of litigation other than the conventional taxable costs is part of the original authority of the chancellor due equity in a particular situation."

In cases at law, the rule is otherwise. Henkel v. Chicago, St. Paul, M. & O. R. Co., 284 U.S. 444, 52 S.Ct. 223, 224, 76 L.Ed. 386, where the court excluded expert witness fees and held the federal statute to be a controlling limitation upon its power to tax costs. Chief Justice Hughes delivered the opinion and his comments on the point which is before this court at this time are decisive:

"The Judicary Act of September 24, 1789, c. 20, 1 Stat. 73, contained references to costs, but no fee bill. By the Process Act of September 29, 1789, c. 21, 1 Stat. 93, it was provided that the 'rates of fees * * * in the circuit and district courts, in suits at common law,' should be the same as were 'used or allowed' in state courts. This was a temporary act (id., 123, 191) but, under it and later legislation of a similar sort, the federal system was put in operation. It thus became 'the practical usage by the courts of the United States to conform to the state laws as to costs, when no express provision has been made and is in force by any act of congress in relation to any particular item, or when no general rule of court exists on this subject.' Mr. Justice Woodbury in Hathaway v. Roach, 2 Woodb. & M. 63, 67, Fed. Cas.No.6,213; Mr. Justice Nelson in [Re] Costs in Civil Cases, 1 Blatchf. 652, Fed.Cas.No.18,284; The Baltimore, 8 Wall. 377, 390–392, 19 L.Ed. 463; Ex parte Peterson, 253 U.S. 300, 316, 40 S.Ct. 543, 64 L.Ed. 919. But when the Con-

gress has prescribed the amount to be allowed as costs, its enactment controls. The Baltimore, supra.

"Specific provision as to the amounts payable and taxable as witness fees was made by the Congress as early as the Act of February 28, 1799, c. 19, § 6, 1 Stat. 624, 626. See, also, Act of February 26, 1853, c. 80, § 3, 10 Stat. 161, 167, Rev. Stat. § 848. The statute now applicable is the Act of April 26, 1926, c. 183, 44 Stat. 323 U.S.C.Tit. 28, §§ 600a to 600d. Under these provisions, additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in cases in the federal courts. The William Branfoot, [4 Cir.] 52 F. 390, 395; In re Carolina Cooperage Co. (D.C.), 96 F. 604, 605; Bone v. Walsh Construction Co., (D.C.), 235 F. 901, 903, 904; Cheatham Electric [Switching Device] Co. v. Transit Development Co., [2 Cir.] 261 F. 792, 796.

"The appellant, seeking the application of the statute of Minnesota, invokes the rule that 'the laws of the several states, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.' U.S.C., Tit. 28 § 725. But this provision, by its terms, is inapplicable, as the Congress has definitely prescribed its own requirement with respect to the fees of witnesses. The Congress has dealt with the subject comprehensively, and has made no exception of the fees of expert witnesses. Its legislation must be deemed controlling, and excludes the application in the federal courts of any different state practice. United States

v. Sanborn, 135 U.S. 271, 282, 283, 10 S.Ct. 812, 34 L.Ed. 112; Northern Pacific Ry. Co. v. [State of] Washington, 222 U.S. 370, 32 S.Ct. 160, 56 L.Ed. 237; Second Employers' Liability Cases, 223 U.S. 1, 55, 32 S.Ct. 169, 56 L.Ed. 327; Missouri Pacific R. Co. v. Porter, 273 U.S. 341, 346, 47 S.Ct. 383, 71 L.Ed. 672; Lindgren v. United States, 281 U.S. 38, 45, 50 S.Ct. 207, 74 L.Ed. 686."

See also: In re Rule Number 37, 1831, 5 Pet. 724, 30 U.S. 724; Day v. Woodworth, 1851, 13 How. 363, 54 U.S. 363, 14 L.Ed. 181; Mutual Ben., Health & Accident Ass'n v. Moyer, 9 Cir., 1938, 94 F.2d 906, certiorari denied 304 U.S. 581, 58 S.Ct. 1054, 82 L.Ed. 1543; Tevander v. Ruysdael, 7 Cir., 1924, 299 F. 746; The Wahkeena, D.C.D.Wash.1931, 51 F.2d 106; Vincennes Steel Corp. v. Miller, 5 Cir., 1938, 94 F.2d 347.

■ State courts, generally speaking, follow the same rule. Statutes relating to taxable costs, it is held are in derogation of the common law, and in a sense penal in character. They must be strictly construed and items to be taxed must, in each case, be within the express language of the statute. Harrison v. Pence, 1957, 79 Idaho 377, 318 P.2d 1096; Gullette v. Ochoa, Fla.App. 1958, 104 So.2d 799 which places a strict interpretation of the Florida costs statute, F.S.A. § 65.18; State v. Coffin, Wash.1958, 327 P.2d 741; In re Scott Township, Allegheny County, 1958, 186 Pa.Super. 167, 142 A.2d 357; Arkansas State Game and Fish Comm. v. Kizer, 1953, 222 Ark. 673, 262 S.W.2d 265, 39 A.L.R.2d 1372; Grayson v. Arrington, 1956, 225 Ark. 922, 286 S.W.2d 501; Cooper v. State Board of Public Health, 1951, 102 Cal.App.2d 926, 229 P.2d 27, 31 whoever desires costs taxed in his favor must "put his finger on a statute" authorizing it; Muhleman & Kayhoe v. Brown, 1946, 4 Terry 481, 43 Del. 481, 50 A.2d 92; Daily v. Leigh, 1954, 2 Ill

2d 499, 119 N.E.2d 204, 207, the statute must "clearly [give] authority" to grant the costs; Tomten v. Thomas, 1951, 125 Mont. 159, 232 P.2d 723, 26 A.L.R.2d 1285; Deardon v. Galli, 1955, 71 Nev. 199, 284 P.2d 384, 385 there must be "express authority of statute"; Katz v. Farber, 1950, 4 N.J. 333, 72 A.2d 862; Reck v. Robert E. McKee General Contractors, Inc., 1955, 59 N.M. 492, 287 P.2d 61; Miss Susan, Inc. v. Enterprise & Century Undergarment Co., 1946, 270 App.Div. 747, 62 N.Y.S.2d 250; City of Euclid v. Vogelin, 1950, 152 Ohio St. 538, 90 N.E.2d 593; Kerr v. United Collection Service, Okl.1954, 267 P.2d 611; Schultz v. Mountain Tel. Co., 1950, 364 Pa. 266, 72 A.2d 287. See e. g. State for Use and Benefit of Morgan County v. Norwood, 248 Ala. 128, 26 So.2d 577; Adams v. Silfen, 342 Ill.App. 415, 96 N.E.2d 628; Dill v. Lumbermen's Mut. Ins. Co., 215 S.C. 216, 54 S.E.2d 787; Curti v. Franceschi, 1941, 60 Nev. 422, 111 P.2d 53, 112 P.2d 819; Rizio v. Public Service Electric & Gas Co., 1942, 129 N.J.L. 176, 28 A.2d 531; In re Thomasson, Mo.1942, 159 S.W.2d 626; McIntosh v. Crandall, 1942, 47 Cal.App.2d 126, 117 P.2d 380. Redfield v. Davis, 1920, 42 S.D. 556, 176 N.W. 512 holds that " * * * the power of any court to allow costs rests upon express statutes; there is no implied or inherent power. * * * " and in Buckingham Transp. Co. of Colorado v. Black Hills Transp. Co., 66 S.D. 433, 285 N.W. 300, 301, it is said that costs must rest on "a clear statutory grant of power", and that one claiming costs must be able to point to a specific statute authorizing the item.

█ Authorities as persuasive as these compel the conclusion that costs incurred by a prevailing party in preparing for trial, in using experts at the trial as consultants on technical matters or on complicated construction problems, in holding witnesses beyond the time they need to testify and get to and from the place of trial, are not within the federal cost statute.

█ From and under this general rule, specific cases and the facts the court finds and concludes: That the $410.63 comprising the total of costs categories (1), the $9.80 in (2), the $542 in (3) except for $49.75, the $653.-76 in (4) except for $242.32, should be subtracted from the amount the Clerk allowed, (1) and (3) because photographs and depositions not used at the trial are not within the rules or the terms of the statute, (2) because the transcript it covered was for the use of defendant's counsel only and (4) because the excepted amount covers the fees of witnesses for days in actual attendance plus subsistence and mileage, and in the case of Foster, Flynn and Milek, Jr.—all from Omaha—one additional day in coming and going, no additional time being allowed to other witnesses since all were within easy driving distance of the place where the trial was held.

Exceptions to items $24.95 and $24.80 comprising a total of $49.75 are disallowed, the first one because no specific reason is assigned why it is not proper, and the second because it covers cost of depositions at least partially used in the trial of the case. Braun's claim that he paid it not having been sustained and as to items in Category No. 5, those are concluded by what has been said and found with reference to the ones in the other four.

Accordingly, the costs to be allowed to the defendant are hereby reduced to and fixed at $377.57, and the Clerk's taxation of costs is to that extent hereby modified.

This decision shall be regarded as the court's Findings of Fact and Conclusions of Law on this review, but formal order carrying such Findings of Fact and Conclusions of Law into effect should forthwith be prepared by counsel for the plaintiff and presented for approval by the court.