Rogers LOCKETT

v.

**HELLENIC SEA TRANSPORTS, LTD.**

Perry FORD

v.

**HELLENIC SEA TRANSPORTS, LTD.**

Civ. A. Nos. 69–1026, 69–1050.

United States District Court,
E. D. Pennsylvania.

Aug. 3, 1973.

**470**

---

Edward B. Feiner, Fine, Staud, Grossman & Garfinkle, Philadelphia, Pa., for plaintiffs.

Robert B. White, Jr., Rawle & Henderson, Philadelphia, Pa., for defendant.

## MEMORANDUM AND CIVIL JUDGMENT

NEWCOMER, District Judge.

Presently before the Court is the above captioned plaintiffs' appeal from the taxation of costs imposed by the Clerk of this Court in the above captioned matter, and the defendant's cross-appeal from that taxation. The above cases were consolidated for trial, and on February 2, 1973, a jury returned a verdict in favor of the defendant and against both plaintiffs. Civil judgment was accordingly entered against both plaintiffs and in favor of the defendant with costs being awarded to the prevailing party "as of course" in accordance with Rule 54(d) of the Federal Rules of Civil Procedure.

On February 6, 1973, the defendant filed its bill of costs in the amount of $676.60. The plaintiffs filed their objection to this bill on February 13, 1973, and a hearing was held before the Clerk of this Court for the purpose of taxation of costs on March 22, 1973.

From the Clerk's taxation of costs, this appeal follows.

The Clerk disallowed 50 per cent of the defense attorney's $40.00 docket fee since this was a consolidated action. Additionally, an item in the amount of $200.00 for the translation of a deck log was disallowed by the Clerk since he found that the translation was used by the defendant to take the place of defendant's answers to certain interrogatories which had been propounded by the plaintiffs upon the defendant. Furthermore, the Clerk found that the deck log was translated more as a convenience for counsel than as a necessity for trial.

All other items on the defendant's bill of costs, totaling $456.00, were found by the Clerk to come within the confines of 28 U.S.C.A. §§ 1920 and 1923. Therefore, costs were taxed against the plaintiffs in the amount of $456.00. As noted above, these two civil actions, were consolidated for the purposes of trial and the Clerk therefore allowed $228.00 to be taxed against each plaintiff. Accordingly, judgment was entered in the amount of $228.00 against each plaintiff as the costs incurred incidental to their respective civil action.

The plaintiffs have challenged the constitutionality of Section 1920 and 1923 of Title 28 of the United States Code. The plaintiffs argue that the Seventh Amendment to the United States Constitution guarantees to all citizens the right to a jury trial. Therefore, the provisions of the United States Code which permit the taxation of costs upon unsuccessful parties has the invidious effect of discouraging persons of limited means from pursuing their civil remedies in federal court. As authority for this proposition, the plaintiffs have cited Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113.

First of all, the chilling effect of which the plaintiffs speak only has application to "plaintiffs" who are unsuccessful litigants. Secondly, *Boddie* involved a class action brought on behalf

of all female welfare recipients residing in the state of Connecticut and wishing divorces, but prevented from initiating divorce actions because of a Connecticut statute requiring payment of court fees and costs for service of process as a condition precedent for access to the Connecticut courts. The United States Supreme Court held that a state does deny due process of law to an indigent person by refusing to permit him to bring a divorce action except upon payment of court fees and service of process costs which he is unable to pay.

The plaintiffs in the instant case are by no means indigent, having both retained private counsel to represent them in their controversy with Hellenic Sea Transports, Ltd. Moreover, *Boddie* was a case involving denial of access to the courts. Sections 1920 and 1923 do not by any stretch of the imagination deny a litigant access to this Court. The effect of these sections may be to deter frivolous or ill-considered suits, but they do not deny you your day in court. Moreover, the prevention of frivolous litigation is of considerable interest to this Court and to the federal court system at large. The federal court system would seem to have a compelling interest in Section 1920 and Section 1923 of Title 28, if indeed their purpose and thrust was to prevent the filing of ill-considered lawsuits.

█ █ The Court is aware that Sections 1920 and 1923, relating to taxable costs, are in derogation of the common law and in a sense penal in character, and therefore must be strictly construed, and the items to be taxed must be within the express language of the section in question. Braun v. Hassenstein Steel Co., 23 F.R.D. 163 (D.Ct.S.Dakota 1959). However, the taxation of costs is a matter reserved to the sound discretion of the trial judge. See Berner v. British Commonwealth Pacific Airlines, Ltd., 362 F.2d 799 (Second Circuit 1966), cert. denied 385 U.S. 948, 87 S.Ct. 322, 17 L.Ed.2d 227, wherein the trial court

taxed $5,312.50 as costs against an unsuccessful plaintiff even though the plaintiff was a widow of limited means with children for whom she had to care and provide. See also, Newman v. Piggie Park Enterprises, Inc., 377 F.2d 433 (Fourth Circuit 1967), wherein the court held that no litigant ought to be punished under the guise of an award of counsel fees (or in any other manner) from taking a position in court in which he honestly believes—however lacking in merit that position may be.

█ Upon review of Sections 1920 and 1923 of Title 28, we find that they bear a reasonable relationship to the needs of this Court and are constitutional on their face. They deprive no litigant of his day in court, but simply require him or her to consider with some degree of care whether or not their case has merit or is totally frivolous. We do not believe that it is unreasonable for this Court to require plaintiffs to consider carefully their cause of action before they burden this Court with their trial and the defendant with the cost of a defense. Wherefore, we find Sections 1920 and 1923 of Title 28 of the United States Code to have withstood plaintiffs' attack as to constitutionality.

█ Having dealt with the plaintiffs' general objections as to the constitutionality of Sections 1920 and 1923, we pass on to their specific objections, and in that regard, the plaintiffs object to the witness fee paid to John McTaggart. The plaintiffs argue that their work records were already in the possession of defense counsel at the time of trial and that the plaintiffs' attorney had agreed that these records could be admitted without authentication. Nevertheless, defendant's attorney subpoenaed Mr. McTaggart to authenticate these records. From a defense standpoint, the credibility of the plaintiffs as to the *exact* days they worked following the incident on board defendant's ship which led to this lawsuit was a critical issue in the defendant's case. Prior to trial, the de-

fendant obtained the plaintiffs' general work records from the Philadelphia Marine Trade Association, which showed the total hours worked and wages earned in a particular fiscal quarter by the plaintiffs. These records, however, did not show the exact days worked by the plaintiffs. Following receipt of the general work records, the defendant obtained specific payroll sheets from various employers listed on the general work records. The defendant does not dispute that these payroll records could have been introduced into evidence by agreement and without authentication. However, the defendant was not able to obtain voluntarily the payroll records of Atlantic & Gulf Stevedores, Inc. In light of this development, it was necessary for the defendant to subpoena the Custodian of Records from Atlantic & Gulf so that the defendant would have access to the payroll records of that corporation. Therefore, John McTaggart was subpoenaed, and he did produce the requested payroll records. Under these circumstances, we believe the defendant is entitled to a witness fee for the appearance of John McTaggart.

██ The plaintiffs also take specific objection to the witness fee paid to John McCall. Mr. McCall was subpoenaed but he was never called to testify. A prevailing party may recover a witness fee for a witness who is subpoenaed but is not called upon to testify at trial if it is shown to the Court's satisfaction that the witness' attendance was reasonably necessary to the trial. Hansen v. Bradley, 114 F.Supp. 382 (D.Ct.Md. 1953). John McCall was the gang boss of both plaintiffs on the day they allegedly encountered some hostile insects in the lower hold of the S/S Constantinople. The plaintiffs contended that in order to discharge the ship's cargo, they were ordered to clear away some trash and debris, and while in the process of doing this they were bitten by one or more of the insects inhabiting the hold. The defendant's entire case was based upon the lack of credibility of both plaintiffs. The defendant had obtained a signed statement from Mr. McCall which contained facts inconsistent with those given by the plaintiffs at their pretrial depositions. The defendant subpoenaed John McCall to give his testimony in accordance with his signed statement. However, on cross-examination of the plaintiffs, the defendant obtained certain concessions from both plaintiffs that made their testimony more closely coincide with the facts given by Mr. McCall in his statement. Additionally, the credibility of the plaintiffs had already been substantially diminished by this point of time in the trial. Therefore, the defendant made a tactical decision not to introduce the testimony of John McCall. Had the cross-examination of the plaintiffs gone differently, the defendant would have called Mr. McCall to testify. Therefore, the Court believes that Mr. McCall's attendance at the trial was necessary to the defendant's case, and John McCall's witness fee will be taxed against the plaintiffs.

██ The plaintiffs specifically object to the taxation of the cost of the deposition of Dr. Wayne Moss. Dr. Moss was listed as a defense witness, he was deposed, but he was never called. Dr. Moss is the chief entomologist at the Academy of Natural Sciences, Philadelphia, Pennsylvania. He was engaged by the defendant because the plaintiffs' injuries allegedly occurred as a result of bites from unidentified insects. Dr. Moss was employed to assist the defendant in the preparation of his case and for possible testimony at trial. The deposition of Dr. Moss was taken by the plaintiffs, and the defendant is seeking reimbursement for a copy of that deposition in the modest amount of $17.60. The Court can, in the exercise of its discretion, grant costs for a copy of a deposition. United States v. Kolesar, 313 F. 2d 835 (5th Cir. 1963). Not to be forgotten, is the fact that if the cross-ex-

amination of the plaintiffs had not proceeded as favorably to the defendant as it did, the defendant would have been forced to call Dr. Moss to testify. Moreover, a copy of Dr. Moss' deposition was required by the defendant in order to prepare Dr. Moss for cross-examination. Additionally, it must be remembered that in accordance with Rule 26 of the Federal Rules of Civil Procedure, the defendant did not have to produce Dr. Moss for deposition. Furthermore, the defendant, in voluntarily making Dr. Moss available for deposition, could have required the plaintiffs to reimburse it for a reasonable share of Dr. Moss's fee. The defendant did not so require the plaintiffs. Under the circumstances, it is well within this Court's discretion to allow the defendant its $17.60 cost for a copy of Dr. Moss's deposition, and we will so allow.

■ The plaintiffs also take specific objection to the $200.00 cost for a translation of the ship's log. This cost was denied by the Clerk on the grounds that it was a convenience to the parties and not a necessity. Necessity is indeed the proper standard. Bennett Chemical Co. v. Atlantic Commodities, Ltd., 24 F.R.D. 200 (S.D.N.Y.1959). The plaintiffs claim that they asked certain interrogatories and were requested by the defendant to accept the log as answers thereto. The plaintiffs argue that since the defendant could not be reimbursed for answering interrogatories, it is ludicrous to suggest that the plaintiffs must now pay $200.00 for acquiescing to the defendant's request. The vessel on which the plaintiffs' injuries allegedly occurred was operated by a Greek crew. Accordingly, the log books on the vessel were kept in the Greek language. To be understood by counsel for plaintiffs and defendant, as well as for use at trial, the deck log had to be translated into the English language. The translation was performed at the defendant's request. The plaintiffs maintain that the translation of the deck log was furnished to

them in lieu of the defendant providing answers to plaintiffs' interrogatories. The defendant maintains that during a pretrial conference before Chief Judge Joseph S. Lord, III, to whom this case was originally assigned, held on July 1, 1971, the plaintiffs agreed to the vacation of an order previously entered by Judge Lord against the defendant in order to compel the defendant to answer the plaintiffs' interrogatories, in return for which, the defendant agreed to informally exchange all documents and information in its possession concerning this case. This exchange took place and included among the documents exchanged was the translated deck log. In any event, the deck log was not translated only for the purpose of complying with discovery, but rather, the log had to be translated so that it could be used at trial. Many of the agreed facts in the final pretrial order that were read into evidence by the plaintiffs came from the translated deck log. Furthermore, the defendant read into evidence some portions of the deck log in presenting its case in chief to the jury. A vessel's deck log is its most important document, and we find that its translation was necessary and was obtained for use at trial. Therefore, under the authority of Kaiser Industries Corp. v. McLouth Steel Corporation, 50 F.R.D. 5 (D.C.Mich.1970) and Raffold Process Corporation v. Castanea Paper Co., 25 F.Supp. 593 (W.D. Pa.1938), we will reverse the decision of the Clerk and allow the translation of the deck log as a cost in this case.

■ Lastly, the plaintiffs specifically object to the docket fees being allowed as a cost of this case. The defendant has made a claim for docket fees in both of the above captioned cases, which as stated above, were consolidated for the purposes of trial. The plaintiffs argue that recovery of both fees can only be allowed where separate fees were paid and the cases were consolidated shortly before trial. The defendant argues that both of these cases

proceeded independently from their inception in 1969 until they were consolidated for trial by Chief Judge Lord in July of 1971. We believe that the defendant was required to pursue discovery independently, including the taking of the plaintiffs' depositions at different times and responding to requests for admissions of fact in each case. Not until their consolidation two years and two months after the filing of these actions was the defendant able to treat this matter as a single consolidated case. Under these circumstances, we believe that the defendant is entitled to a separate docket fee in each case, and accordingly, we reverse the decision of the Clerk on this point, and we will tax each plaintiff $20.00 costs for the attorney's docket fee.

Finally, we find that the plaintiffs' claim that the defendant's cross-appeal was untimely filed is without merit, and the plaintiffs' motion to dismiss the defendant's cross-appeal is denied.

Therefore, the Clerk's taxation of costs is affirmed in part and reversed in part, and the Court will enter the following Order and Civil Judgment.

ORDER AND CIVIL JUDGMENT

And now, to wit, this 3rd day of August, 1973, it is Ordered that the Clerk of Court's judgment entered in the amount of $228.00 in favor of the defendant, Hellenic Sea Transports, Ltd. and against the plaintiff, Rogers Lockett, in Civil Action No. 69–1026, and also the judgment entered in favor of the defendant, Hellenic Sea Transports, Ltd. and against the plaintiff, Perry Ford, in the amount of $228.00 in Civil Action No. 69–1050, be and the same is hereby vacated.

It is further Ordered that judgment be and the same is hereby entered in favor of the defendant, Hellenic Sea Transports, Ltd., and against the plaintiff, Rogers Lockett, in Civil Action No. 69–1026, in the amount of $338.30. It is further Ordered that judgment be and

the same is hereby entered in favor of the defendant, Hellenic Sea Transports, Ltd., and against the plaintiff, Perry Ford, in Civil Action No. 69–1050, in the amount of $338.30.

And it is so ordered.