**NORTH RIVER INSURANCE COMPANY, Plaintiff,**

v.

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant.**

**No. CIV 77–4003.**

United States District Court, D. South Dakota, S. D.

Sept. 19, 1979.

Gerald L. Reade, of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, S. D., for plaintiff.

Deming Smith, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for defendant.

### MEMORANDUM AND ORDER RE COSTS

NICHOL, Chief Judge.

The defendant, St. Paul Fire and Marine, has requested taxation of the cost of a copy of the trial transcript. This cost was incurred in the course of the defendant's preparation in resisting the plaintiff's unsuccessful appeal. The Clerk has disallowed the cost of this copy.

The taxation of transcript costs is governed by 28 U.S.C. section 1920, which states that "a judge or clerk of any court of the United States may tax as costs the . . fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." This statute has been interpreted by some courts as only allowing the taxation of the cost of an original transcript. *E. g. Kenyon v. Automatic Instrument Co.,* 10 F.R.D. 248, 254 (W.D.Mich.1950). Many of these cases cite *Stallo v. Wagner,* 245 F. 636, 641 (2d Cir. 1917), which interpreted a previous statute. In *Stallo* the cost of copies was disallowed on the ground that they were merely a convenience.

This view has been severely criticized by one of the leading treatise writers as illogical and contrary to subsequent statutory developments. 6 Moore's Federal Practice, par. 54.77(7). And a line of contradictory cases has developed allowing the taxation of the cost of copies whenever it is reasonably necessary for use in the case. *See, Chemical Bank v. Kimmel,* 68 F.R.D. 679, 682 (D.Del.1975), (and cases cited therein). The latter rule appears to be more in line with the current statutory language as well as the realities of trial and appellate practice.

The transcript in the instant case was some 1200 pages in length. Defense counsel could conceivably have checked the court file out and used the transcript therein in preparing his brief. He could not, however, have marked or indexed the transcript in any way. Nor would he be able to review it prior to oral argument, as the file would have been transmitted to the appellate court. Finally, he would not have access to the transcript during oral argument. All of these reasons persuade this court that the copy obtained by defendant's counsel was reasonably necessary for use in the case.

In disallowing the cost of transcript copies in this case the Clerk relied upon *Braun v. Hassenstein Steel,* 23 F.R.D. 163 (D.S.D. 1959). In that case the Honorable Axel J. Beck disallowed the cost of transcripts procured during trial. Although this is a some-

what different situation, the reasoning employed in *Braun* understandably led the Clerk to disallow the costs sought in this case. With all due respect to Judge Beck, the opinion seems rather restrictive in light of subsequent interpretations of section 1920.

### ORDER

It is hereby ordered that the cost of the copy of the reporter's transcript in the amount of $628.00 be allowed the prevailing party, St. Paul Fire and Marine Insurance Company.