IN THE MATTER OF THE APPEAL FROM THE REGISTER OF WILLS UPON A REVIEW OF THE PAPERS WRITING PURPORTING TO BE THE LAST WILL AND TESTAMENT OF ALFRED C. WARRINGTON, SR., deceased.

WILLS—CONTEST—COUNSEL FEES—DISBURSEMENTS.
    Fees of petitioner's counsel in a will contest are neither of right nor of course taxable as a part of the costs to be paid out of the estate, although an allowance out of the estate to counsel for petitioners to recompense them for disbursements may be made.
(*July* 6, 1911.)

Judges CONRAD, WOOLLEY and RICE sitting.
*Henry Ridgely* and *John B. Hutton* for petitioners for review.
*Thomas C. Frame, Jr.,* for the propounders of the will.
Superior Court, Kent County, July Term, 1911.

APPEAL from the decree of the Register of Wills on a review before him of the probate of the papers writing purporting to be the last will and testament of Alfred C. Warrington, Sr., deceased, and the codicils thereto, the court sustaining the rulings and decree of the Register. Application for allowance to counsel for petitioner was denied except for expenses.

WOOLLEY, J., delivering the opinion of the court:

At the adjourned April term of the Superior Court for this county, argument was heard upon the appeal from the decree of the Register of Wills in the matter of the review of the probate of the papers writing purporting to be the will and codicils of Alfred C. Warrington, Sr.

The court finds, and therefore decides, that under the facts and the law of this case, the rulings and decree of the Register of Wills, as shown by the exceptions filed, are without error; that the papers writing purporting respectively to be the last will and testament of Alfred C. Warrington, Sr., and his codicils thereto, are together the last will and testament of Alfred C. Warrington, Sr.; and that the exceptions filed by the appellants to the rulings and finding of the Register of Wills should *not* be sustained.

Commenting only upon that exception which relates to the disallowance by the Register of counsel fees for this petitioner's counsel, the court has to say that it knows no rule whereby counse fees for petitioner's counsel in contested will cases are of right or of course taxable as a part of the costs to be paid by the estate. Indeed, the inclination of the court is to the contrary, as it feels that the allowance of counsel fees as costs constitutes an exception rather than a rule. Obviously in certain cases counsel fees for both parties should be charged against and paid by the estate, but we do not think this case comes within this exceptional class. It is apparent to the court, however, that in the preparation and presentation of this case, counsel for the petitioners have been subjected to expenses, which although certain, are difficult to designate and enumerate. To meet and defray their expenses, the court in the taxation of the costs, will allow counsel for the petitioners the sum of $250, which, like the rest of the costs, is to be paid by the estate.

Whereupon the court made and signed a decree in the following form:

AND NOW TO WIT, this sixth day of July, A. D. nineteen hundred and eleven, the appeal having been argued by counsel, Henry Ridgely and John B. Hutton, Esquires, attorneys for appellants and Herbert H. Ward and Thomas C. Frame, Jr.,

Esquires, attorneys for respondents, at the April term of this court, A. D. nineteen hundred and eleven, to wit, on the nineteenth and twentieth days of May, A. D. nineteen hundred and eleven, and heard by the court on the causes of appeal and motion of the appellants filed and on the depositions and exhibits sent by the said Register of Wills to this court and the same having been maturely considered by this court,

IT IS ORDERED, ADJUDGED AND DECREED that the sentence and decree of the said Register, "That the paper writing pronounced by Alfred C. Warrington, Jr., named as executor thereof, upon which letters testamentary have been granted, as the last will and testament of Alfred C. Warrington, Sr., late of East Dover Hundred, Kent County, and State of Delaware, deceased, dated the first day of February, A. D. one thousand nine hundred and six (1906), the first codicil dated the twentieth day of February, A. D. one thousand nine hundred and six (1906) the second and last codicil dated the twenty-eighth day of August, A. D. one thousand nine hundred and eight (1908), is the last will and testament of the said Alfred C. Warrington, Sr., deceased, and the probate heretofore made is hereby ratified and confirmed, and that the costs of these proceedings be paid by said executor out of the estate with the exception of the petitioners' counsel fees," be and is hereby in all things affirmed.

AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this court that the costs of the proceedings, both on review before the said Register and on appeal to this court, which are hereby taxed at the sum of six hundred and sixty-one dollars and eight cents ($661.08) be paid out of the estate of the said Alfred C. Warrington, Sr., deceased.

AND IT IS FURTHER ORDERED that the decree of this court be certified to the said Register of Wills in and for Kent County and that the record in this case be remanded to the said Register.