## In re Salmons' Will.

1. WILLS—SUFFICIENT PUBLICATION OF WILL IN PRESENCE OF WITNESSES.

A will, signed by testator in the presence of the witnesses, who attested it in his presence and in the presence of each other, *held* sufficiently published, where the witness who wrote it read it to testator and then called in the other witness, who read enough to know that it was testator's will.

2. WILLS—CONTESTANT ENTITLED TO COSTS.

Under *Rev. Code* 1915, § 4449, providing that costs shall be agreeable to equity if there was probable cause or reasonable ground for resisting the will, based upon competent evidence, contestant should be allowed costs, but not otherwise.

(<em>June</em> 30, 1919.)

RICE and HEISEL, J. J. sitting.
*Howard J. Cooke* for appellant.
*Daniel J. Layton, Jr.*, for appellee.
Superior Court for Sussex County, February Term, 1919.

APPEAL from Register of Wills for Sussex County, No. 33, February Term, 1919.

APPEAL by Byron Salmons from the decree of the register of wills for Sussex county, admitting to probate the will of Asbury Salmons, Jr., deceased, against a caveat. The decree was affirmed.

Rosa Salmons, the proponent of the will, was the widow of the deceased and the sole devisee under the will. Byron Salmons, the caveator, was a brother of the deceased.

The caveat filed alleged four reasons against the allowance of the will, in substance, as follows:

That the testator was not of sound and disposing mind and memory.

That the testator did not declare to the witnesses that the paper writing was his last will and testament.

That there was no formal statement in the will declaring it to be the last will and testament of the testator.

That the execution of the paper writing was procured by undue influence.

The caveator did not offer evidence in support of the last ground.

The appeal was taken on the ground that the testator did not, at the time of signing the said paper writing, declare or make known, in any manner, to Selby Hopkins, one of the subscribing witnesses, that the said paper writing was his will, or that the wished Hopkins to sign the same as a witness, and on the further ground that the decree of the register taxing costs upon the caveator was erroneous.

The testimony before the register, reduced to writing, was to the effect that the will was written by Andrew Marvel, one of the subscribing witnessess, who read it over to the testator, who expressed himself as satisfied with its provisions. It was signed by

the testator in the presence of the witnesses, who attested in the presence of the testator, and in the presence of each other.   Hopkins testified that he was called in by Andrew Marvel, "and he told me he wanted me to witness a will—Mr. Asbury Salmons"; that he read enough of the paper to grasp that it was the will of Mr. Salmons.   When asked, "Did Asbury Salmons declare to you that was his will?" he answered, "No, sir."

HEISEL, J., delivering the opinion of the Court:

When this case was heard before the register of wills, he admitted the will to probate and taxed the costs of the proceedings against the caveator.

[1]   This appeal is taken, as we understand it from the argument of counsel for the caveator, not so much with the expectation of reversing the decree of the register admitting the will to probate, as his order taxing the costs against the caveator.

After a careful consideration of the evidence, we think the register's finding should be affirmed as to both points.

Three of the four reasons argued before the register against the probate of the will were abandoned when the case came before us, and it was submitted to us upon the single point of the failure of the testator to declare to the attesting witnesses that the paper writing was his last will and testament.   This contention is so completely disposed of by *Lodge v. Lodge*, 2 *Houst.* 421, that we fail to see how the caveator could have had any reasonable expectation of succeeding with it.

[2]   As to the question of the allowance of costs, section 4449, Code of 1915, provides:

"A court of equity, the register's court, the Orphans' Court, and the Superior Court exercising appellate jurisdiction from the two last mentioned courts, shall make such order concerning costs in every case as shall be agreeable to equity."

In ascertaining what would be agreeable to equity in cases of contested wills in the register's court, and in this court on appeals therefrom, we know of no better rule to follow than that laid down by this court in the *Warrington Will Case*, 2 *Boyce* 595, 81 *Atl.* 501, and *Rodney v. Burton*, 4 *Boyce* 171, 184, 86 *Atl.* 826, 832.   In the

latter case, in determining whether a reasonable sum should be allowed the contestant for counsel fees necessarily incurred in making the contest, the court said:

"If there was probable cause, or reasonable ground, for resisting the will, based upon competent evidence, the contestant should be allowed such expenses, and not otherwise."

While the application in each of those cases included a reasonable sum for counsel fees for contestant's counsel, to be taxed as costs against the estate, there is no difference in principle between them and this case, in which costs other than counsel fees are in dispute.

It may be the court would not hold to the same degree of strictness, the showing of probable cause or reasonable grounds for resisting the will, when the question is as to regular costs only, and without contesting counsel fees, as it would if counsel fees are asked for also, but the same rule would, nevertheless, apply.

We think it unnecessary to review the evidence in this case, but after a very careful consideration of it, we are of the opinion that the register was well within the rule as above laid down, and, therefore, find his decree should be in all things affirmed.