J. J. WHITE, INC., a Pennsylvania corporation, Plaintiff, v. METROPOLITAN MERCHANDISE MART, INC., a Delaware Corporation, Defendant.

(*September* 10, 1954.)

RICHARDS, P. J., sitting.

*H. James Conoway, Jr.* (of Hering, Morris, James and Hitchens) for the plaintiff.

*David Snellenburg, II* (of Killoran and VanBrunt) for the defendant.

Superior Court for New Castle County, No. 889, Civil Action, 1952.

RICHARDS, P. J.:

The first count of the complaint, consisting of twenty three paragraphs, sets forth certain contractual relations existing between the plaintiff and the defendant, and the breach of its contractural obligations by the defendant, by refusing to pay the plaintiff the money which it claims it is entitled to under the terms of the contracts.

The second count avers that in plaintiff's belief defendant's refusal to pay the amount which it claims to be due, is with-

out legal justification, is in bad faith, and for motives of self interest which facts are fully and completely known to the defendant; results from defendant's purpose and intent to embarrass plaintiff financially and adversely affect his credit standing in the community in which he does business; that the defendant's refusal to pay the amount which the plaintiff claims to be due it constitutes a reckless indifference on the part of the defendant to the rights of the plaintiff.

It is then averred that as a result of defendant's refusal to pay the amount which the plaintiff claims to be due it, and for the reasons above enumerated, plaintiff has incurred additional costs, expenses and losses amounting to $1,011.06; has been forced to employ Attorneys to protect and enforce its rights at an expense of $3,000 and has had its financial and credit standing in community in which it does business seriously endangered.

A civil action for damages will lie either for the breach of a contract or for the breach of some duty imposed by law; but whether the action is *ex contractu* or *ex delicto*, the measure of damages, in the absence of any showing of wilful, wanton or intentional wrongdoing, invariably is the loss or injury resulting, directly or proximately, from the wrongful act of the defendant. 15 *Am. Jur.* 441, Sec. 42.

One who is injured by the breach of a contract is entitled to compensation for the injury received. The compensation should be such as will place him in the same position that he would have been in if the contract had been performed. The measure of damages is the loss actually sustained as a result of the breach of the contract.

Exemplary damages, such as the plaintiff seeks to recover under the second count of the complaint, are not recoverable as a general rule in an action for the breach of a contract. *Sadler v. Pennsylvania Refining Co., D. C.,* 31 *F. Supp.* 1; *Kinane v. Fay,* 111 *N. J. L.* 553, 168 *A.* 724; *Belisle v. Berkshire Ice Co.,* 98 *Conn.* 689, 120 *A.* 599, 34 *A. L. R.* 108; *Kahn v. Carl Schoen Silk Corp.,* 147 *Md.* 516, 128 *A.* 359, 44 *A. L. R.* 285;

*Miller v. Robertson,* 266 *U. S.* 243, 45 *S. Ct.* 73, 69 *L. Ed.* 265; *Thorn v. Knapp,* 42 *N. Y.* 474, 1 *Am. Rep.* 561; *Ketcham v. Miller,* 104 *Ohio St.* 372, 136 *N. E.* 145; *Kunkel v. Wherry,* 189 *Pa.* 198, 42 *A.* 112, 69 *Am. St. Rep.* 802.

It is also generally held that in actions for civil injury or for the breach of a contract, in the absence of fraud, wilful negligence or malice, the costs allowed should not exceed the expenses of the litigation; and should not include Attorneys' fees and expenses incurred by the plaintiff in the prosecution of his claim, unless there is contractual or statutory provision therefor. *United States Fidelity & Guaranty Co. v. Highway Engineering & Construction Co.,* 5 *Cir.,* 51 *F.* 2d 894; *McGaw v. Acker M. & C. Co.,* 111 *Md.* 153, 73 *A.* 731, 134 *Am. St. Rep.* 592; *Guay v. Brotherhood Building Ass'n,* 87 *N. H.* 216, 177 *A.* 409, 97 *A. L. R.* 1053; *Good v. Mylin,* 8 *Pa.* 51, 49 *Am. Dec.* 493; *Stickney v. Goward,* 161 *Minn.* 457, 201 *N. W.* 630, 39 *A. L. R.* 1216; *Kinane v. Fay, supra; Avalon Construction Corporation v. Kirch Holding Co., Inc.,* 256 *N. Y.* 137, 175 *N. E.* 651.

The second count simply states that it is plaintiff's belief that defendant's refusal to pay the plaintiff the amounts which it claims to be due it under the contracts, is under the conditions and for the reasons set forth therein, there are no specific allegations of wilful or intentional wrongdoing.

I am convinced that the second count fails to state a claim upon which relief can be granted and for that reason it must be dismissed.

Motion granted.