IN THE MATTER OF THE LAST WILL AND TESTAMENT OF ELIZABETH VERONICA DOUGHERTY, DECEASED.

(*June* 6, 1955.)

HERRMANN, J., sitting.

*Stewart Lynch* (of Hastings, Lynch and Taylor) for Catherine Rita Maloney, Proponent of the Will.

*John Merwin Bader* for Ruth M. Connor, Contestant of the Will.

Orphans' Court for New Castle County.

HERRMANN, J.:

This appeal arises from a proceeding before the Register of Wills in which Ruth M. Connor petitioned for review of the probate of the will of Elizabeth Veronica Dougherty. After the contestant posted the cost bond required by 12 *Del. C.* § 1310[1]

---

[1] 12 *Del. C.* § 1310 provides, in part, as follows:

"(a) Any person interested who shall not voluntarily appear at the time of taking the proof of a will, * * * shall at any time within one year after such proof have a right of review which shall on his petition be ordered by the Register; but unless the petitioner or petitioners shall, within ten days after such review shall have been ordered by the Register, give bond to the State,

and after a hearing in which the executrix of the will was proponent, the Register of Wills found that the contestant "failed to make out a *prima facie* case" and the petition for review was dismissed.

The proponent then petitioned the Register to tax her counsel fees against the contestant, as part of the costs of the proceeding, and to hold the contestant's cost bond chargeable for the payment of such fees. The Register denied that application and the proponent appeals.

The question for decision is this: May the word "costs", as it is used in 12 *Del. C.* § 1310 and 10 *Del. C.* § 5106,[2] be construed to include the proponent's counsel fees?

▆▆▆ As a general rule, in the absence of statute or contract, a litigant must pay his own counsel fees. *In re Equitable Trust Co., Del. Ch.,* 30 *A.* 2d 271; *Maurer v. International Re Insurance Corp., Del.,* 95 *A.* 2d 827. It is settled that a court may not order the payment of attorneys' fees as a part of the costs to be paid by the losing party unless the payment of such fees is specifically authorized by statute or contract. See *Great American Indemnity Co. v. State,* 32 *Del. Ch.* 562, 88 *A.* 2d 426. In its common usage and according to its usual and ordinary meaning in this jurisdiction, the word "costs" does not include counsel fees of the successful litigant. See 10 *Del. C. Ch.* 51 "Costs"; *Peyton v. William C. Peyton Corporation,* 23 *Del. Ch.*

---

jointly, and severally if more than one petitioner, with such sureties and in such penal sum not less than $500 and not more than $5,000 as the Register determines, conditioned for the payment of any and all costs occasioned by such review which may be decreed against such petitioner, or petitioners, such petition shall be considered as abandoned and shall be dismissed and proceedings may be had in all respects as though no such review had been ordered. * * *

"(b) The Register may determine the costs occasioned by such review and decree the payment of such costs by the petitioner or petitioners."

[2] 10 *Del. C.* § 5106 provides as follows:

"The Court of Chancery, the Orphans' Court, and the Register's Court shall make such order concerning costs in every case as is agreeable to equity."

365, 8 *A.* 2d 89; *Muhleman & Kayhoe, Inc., v. Brown,* 4 *Terry* 481, 50 *A.* 2d 92; *J. J. White, Inc., v. Metropolitan Merchandise Mart,* 9 *Terry* 526, 107 *A.* 2d 892.

The proponent contends, however, that legal fees and expenses have been considered by the court as costs in certain will contest cases and that, since the Legislature is presumed to have been aware of such practice when it enacted 12 *Del. C.* § 1310, the word "costs" as used in that Statute must be read to include the proponent's counsel fees. The proponent cites *In re Warrington's Will,* 2 *Boyce* 595, 81 *A.* 501; *Rodney v. Burton,* 4 *Boyce* 171, 86 *A.* 826; *In re Gordon's Will,* 1 *W. W. Harr.* 108, 111 *A.* 610; *Conner v. Brown,* 9 *W. W. Harr.* 529, 3 *A.* 2d 64.

The proponent's argument is unacceptable for several reasons. It is sufficient to state that the cited cases do not support the proponent's contention. In those cases, the Court dealt with the question of the propriety of an allowance of legal fees and expenses *to* an unsuccessful contestant as a charge against the estate. Compare *Di Iorio v. Cantone,* 49 *R. I.* 452, 144 *A.* 148. The cited cases did not involve the taxing of proponent's counsel fees as costs *against* an unsuccessful contestant. While the word "costs" appears in certain of the cited cases, it is not used in the sense urged by the proponent.[3] The word is used in those cases in the sense of a proper "cost" of, or charge against, the estate and not in the sense of a taxable "cost" against a losing contestant. Indeed, if the cited cases stand for the proposition that the Register may tax the proponent's counsel fees as costs against an unsuccessful contestant, those cases would seem to be in irreconcilable conflict with the recent statement of the Supreme Court in *Great American Indemnity Co. v. State, supra.*

Since, by common usage and ordinary meaning, the word "costs" does not include counsel fees of a successful liti-

---

[3]It is noteworthy that in the most recent of the cited cases, *Conner v. Brown, supra* [9 *W. W. Harr.* 529, 3 *A.* 2d 73], the Court carefully distinguished "costs, counsel fees, and expenses of counsel".

gant and since there appears to be no acceptable reason for according to the word any meaning broader than that ordinarily given it, it is held that the word "costs", as used in 12 *Del. C.* § 1310 and 10 *Del. C.* § 5106, may not be construed to include counsel fees of the proponent.

In the absence of specific statutory authority, the Register of Wills does not have the power to order the payment of the proponent's attorneys' fees as part of the costs to be paid by the losing contestant.

Accordingly, no error is found in the order of the Register of Wills and it will be affirmed.