**Ann Jennings STUART, Defendant Below, Appellant,**

v.

**Joseph S. RIZZO and Ann Marie Rizzo, Plaintiffs Below, Appellees.**

Supreme Court of Delaware.

March 18, 1968.

See also Del., 239 A.2d 226.

William T. Lynam, III, of Wilson & Lynam, Wilmington, for defendant below, appellant.

B. Wilson Redfearn, Wilmington, for plaintiff below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

This is an appeal from a judgment for the plaintiff, Joseph S. Rizzo, in an automobile negligence case. The judgment must be reversed, and the cause remanded for new trial, because in the instructions the jury was given an incomplete version of the Statute on brakes, 21 Del.C. § 4304.[1]

These basic facts are undisputed:

The defendant, Ann Jennings Stuart, was driving an automobile in a southerly direction downhill on Penny Hill, a steep grade

---

1. 21 Del.C. § 4304 provides:

"§ 4304. Performance requirements of brakes

"(a) The service brakes upon any motor vehicle or combination of vehicles shall be adequate to stop such vehicle when traveling 20 miles per hour within a distance of 30 feet when upon dry asphalt or concrete pavement surface free from loose material where the grade does not exceed 1 percent.

"(b) Under the road conditions mentioned in subsection (a) of this section, the hand brake shall be adequate to stop the vehicle within a distance of 55 feet and the hand brake shall be adequate to hold such vehicle stationary on any grade upon which operated.

"(c) Under the road conditions mentioned in subsection (a) of this section, the service brakes upon a motor vehicle equipped with two-wheel brakes only shall be adequate to stop the vehicle within a distance of 40 feet and the hand brake adequate to stop the vehicle within a distance of 55 feet."

on U.S. Route 13 just north of Wilmington. The intersection of U.S. Route 13 with Shipley Road was controlled by a traffic control light. As the defendant approached the intersection, the red light confronted her and she attempted to slow; but she discovered that her foot brake was inoperative; and when she applied her hand brake, her automobile was not slowed appreciably. At this point, the plaintiff drove his truck into the intersection from Shipley Road. The defendant sounded her horn and tried to stop; but she was unable to do so, and her automobile struck the plaintiff's truck in the intersection and then continued down the hill a distance of about 500 feet, where it drifted to a stop. Afterwards, it was ascertained that the brake failure was caused by the rupture of a brake hose.

The plaintiff claimed that the defendant failed to keep her automobile under proper control; that she violated the Statutes governing speed and intersections controlled by traffic lights; and that she violated the Statutes prescribing adequate brakes, 21 Del.C. §§ 4303 and 4304.[2] The sole defense interposed by the defendant was that of unavoidable accident.

The Trial Court instructed the jury on the issues thus drawn. Upon the issue of violation of § 4304, the only charge to the jury was as follows:

"The next statute following the one I have just read defines what, in our code, is 'adequate brakes.'

" 'The foot brake or the service brakes of a motor vehicle, in order to be considered adequate in Delaware, must stop a vehicle travelling at 20 miles an hour within a distance of 30 feet on dry asphalt or concrete; and the hand brake, in order to be considered adequate under Delaware law, must stop a vehicle within 55 feet at 20 miles per hour on dry asphalt or concrete surface.' "

It is apparent that the above charge, purporting to give the contents of § 4304, was an incomplete statement of the contents of the Statute in that it omitted the qualifying standard: " * * * where the grade does not exceed 1 percent." That language appears in § 4304(a) and is incorporated by reference into § 4304(b) and (c).

■ A proper consideration of the brake Statute was crucial to a determination of the issues of this case. It was fatal error for the Trial Court to give the jury less than all of the pertinent provisions of the Statute it was being instructed to consider. For this reason, the judgment below must be reversed and the cause remanded for new trial.[3]

■ In reaching this conclusion, we find unacceptable the defendant's contention that she was entitled to a directed verdict because there was not "a preponderance of the evidence demonstrating negligence of the defendant." The question of the de-

---

**2.** 21 Del.C. § 4303 provides:

"§ 4303. Brakes; general requirements

"(a) Every motor vehicle when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and to hold such vehicle and any trailer or semi-trailer attached thereto including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels and shall be so constructed that no part which is liable to failure shall be common to the two. A motorcycle need be equipped with only one brake. All brakes shall be maintained in good working order and shall conform to regulations not inconsistent with this subchapter, to be promulgated

by the Commissioner. All brakes shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle.

"(b) All braking distances specified in this subchapter shall apply to all vehicles mentioned herein, whether such vehicles are not loaded or are loaded to the maximum capacity permitted under chapter 45 of this title."

See text of 21 Del.C. § 4304, supra.

**3.** We note the other defect of this part of the charge: it was a bare statement of law, with no application of the law to the facts. Compare Beck v. Haley, Del., 239 A.2d 699 (decided February 28, 1968).

fendant's negligence was, in our opinion, a proper one for the jury under the evidence.

It is not necessary for the disposition of this appeal to decide the other grounds upon which the appeal is brought; but we make the following rulings for guidance on the re-trial:

■ The plaintiff was permitted to testify, as owner, as to the value of his truck in damaged condition after the accident, in connection with our long-established before-and-after formula for the determination of property damage in an automobile negligence case. The plaintiff was not qualified as an expert on the value of damaged trucks. It was error, therefore, to permit him to testify as to that element of damages. An owner may testify as to the value of his vehicle before the accident —this on the theory that, being familiar with his property, he is presumed to know its worth in a general way. Compare State v. 0.15 Acres of Land, etc., 3 Storey 372, 169 A.2d 256 (1961). We know of no comparable theory, however, upon which the ordinary owner may be presumed to know the value of his vehicle in damaged condition. Such knowledge must necessarily come from an expert witness, whose testimony must be produced directly, and not by hearsay. Compare Alber v. Wise, 3 Storey 126, 166 A.2d 141 (1960); Teitsworth v. Kempski, 11 Terry 234, 127 A.2d 237 (1956).

■ Returning to the jury instructions in this case:

The jury was instructed that it could award the plaintiff as damages such income as he "may be reasonably expected to lose in the future." There was insufficient evidence, in our judgment, to warrant the submission to the jury of the issue of loss of future earnings: The plaintiff suffered a sprained neck. He lost eight days from his job as bricklayer immediately after the accident; and an additional 15 or 16 days in the nine-month interval before trial. This loss of work was caused, according to the plaintiff, by headaches and loss of sleep which interfered with his power of concentration. The plaintiff's doctor testified that there was a reasonable medical probability that the headaches complained of would persist. That was the sum and substance of the evidence relating to loss of future earnings. It is held that such evidence was insufficient to warrant the submission of that issue to the jury. Coles v. Spence, Del., 202 A.2d 569 (1964); Henne v. Balick, 1 Storey 369, 146 A.2d 394 (1958).

The judgment below is reversed, and the cause remanded for further proceedings not inconsistent with the foregoing.