ACME MARKETS, INC., a corporation of the State of Delaware, Defendant Below, Appellant,

v.

Frances F. DOWNWARD and Frank B. Downward, her husband, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Dec. 7, 1973.

Petition for Reargument Denied Jan. 2, 1974.

Carl Schnee, of Tybout, Redfearn & Schnee, Wilmington, for defendant below, appellant.

Sidney Balick, of Aerenson & Balick, Wilmington, for plaintiffs below, appellees.

Before HERRMANN, C. J., and CAREY and DUFFY, JJ.

HERRMANN, Chief Justice:

In this slip and fall case, the jury returned a verdict in favor of the plaintiffs. The defendant appeals.

I.

The only ground of appeal, not specifically addressed to the element of damages, is the contention that the Superior Court committed prejudicial error in refusing to permit *voir dire* questioning pertaining to potential medical witnesses, as requested by the defendant.*

■ We hold that the Trial Judge did not abuse his judicial discretion in refusing the *voir dire* requested. Unlike analogous *voir dire* as to counsel in the case, there is no established practice for *voir dire* of the jury panel as to medical witnesses. The Trial Judge did not err in declining to ini-

---

\* The question proposed by the defendant to be put to the jury panel was as follows: "Have you or any members of your immediate family ever been treated by any of the following physicians: [here listing 6 physicians]?"

tiate such practice under the exigencies of actual trial, without suitable opportunity to consider the problems and consequences such practice may entail in this jurisdiction.

■ We take the occasion, nevertheless, to indicate that we favor the general idea of such *voir dire* of the jury panel as to medical witnesses in a case of this kind; and we suggest that the Superior Court give due consideration to an appropriate Rule on the subject.

## II.

The other grounds of appeal are addressed to the element of damages.

It is contended that the evidence was insufficient to warrant the instruction to the jury as to future medical expenses. It is also contended that the Trial Court erred in refusing to strike the plaintiff's testimony concerning her "bladder problems"— this on the ground that there was no sufficient evidence of causal connection between the accident and those problems.

■ We agree with both of the foregoing contentions. As to future medical expenses, the only medical witness questioned was Dr. Strange. His testimony on the subject was too vague and uncertain, in our opinion, to enable the jury to do more than engage in impermissible speculation and conjecture. Henne v. Balick, Del. Supr., 1 Storey 369, 146 A.2d 394 (1958); Coles v. Spence, Del.Supr., 202 A.2d 569 (1964); Stuart v. Rizzo, Del.Supr., 242 A. 2d 477 (1968). As to the "bladder problems", there was no probative evidence whatsoever of a causal connection.

\*    \*    \*    \*    \*    \*

We find the evidence sufficient to warrant the charge on future household expenses.

\*    \*    \*    \*    \*    \*

The contention that the verdict was excessive becomes moot in view of the conclusions reached herein.

\*    \*    \*    \*    \*    \*

Accordingly, the judgment below is affirmed as to the element of liability, but must be reversed as to the element of damages. The cause is remanded for further proceedings consistent herewith.