Theodore R. McCLAIN, Plaintiff,

v.

John A. FARAONE, Defendant.

Superior Court of Delaware,
New Castle County.

Submitted Nov. 5, 1976.

Decided Jan. 27, 1977.

William E. Wright, of Aerenson & Balick, Wilmington, for plaintiff.

Richard H. May, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendant.

TAYLOR, Judge.

Plaintiff retained defendant to represent him in connection with the settlement for the purchase of a residential property located on Route 13 south of Tybouts Corner. Plaintiff purchased the property on March 22, 1973 for $27,000. In the transaction, plaintiff paid $1,440.21 and executed a V.A. mortgage in the amount of $27,000. As a part of the settlement costs, plaintiff paid defendant a title search fee of $367. At the time of settlement there was an outstanding judgment lien against the property which was not known to the purchaser and had not been discovered by defendant in the title search. In late 1974 the holder of the judgment lien took steps to execute upon the lien and the property was sold at Sheriff's sale on February 11, 1975 for $25,000, having been bought in by the judgment lien holder.

It is undisputed that if defendant had exercised the degree of care in performing the title search which accords with the professional standards applicable in this community, the lien would have been discovered and the settlement could not have been held without satisfactory arrangements being made to release the property from the lien. *DiFilippo v. Preston,* Del. Supr., 3 Storey 539, 173 A.2d 333 (1961); *Peters v. Gelb,* Del.Super., 303 A.2d 685 (1973), aff'd., Del.Supr., 314 A.2d 901; 59 *A.L.R.3d* 1176. The issue to be decided here is what damages plaintiff is entitled to recover.

## I

■ This Court held in *Clemens v. Western Union Telegraph Co.,* Del.Super., 28 A.2d 889 (1942) that the damages which are recoverable for breaches of duties created by contract are those injurious consequences which "might have been foreseen or anticipated" as being likely to follow from the negligent act or breach, these consequences to be considered to be the natural and probable consequences. This standard applies equally whether the action is founded upon breach of contract or negligence. Ibid. See also *Hajoca Corporation v. Security Trust Co.,* Del.Super., 2 Terry 514, 25 A.2d 378 (1942).

■ Defendant argues that in this fact situation, where plaintiff lost the property, plaintiff's recovery should be limited to the amount paid by plaintiff for the property, citing 1 *C.J.S.* Abstracts of Title § 11d, p. 396. Plaintiff argues for the loss of the value of the property, citing 1 *Am.Jur.2d* Abstracts of Title § 26, p. 247. I conclude that plaintiff's recovery is not limited to his out-of-pocket expenditures. *Nash v. Hoopes,* Del.Super., 332 A.2d 411 (1975). If the value of the property acquired at the

settlement had a value which was in excess of the purchase price and that value was reasonably within the contemplation of the parties, plaintiff is entitled to recover damages based upon that value.[1]

Turning to the evidence of value of the property, plaintiff's expert testified that the property had a value of $34,000 as of the approximate time of the Sheriff's sale, February 1975. He recognized that since the foreclosure sale the property had been listed for sale under the multi-list system for the price of $34,000 and that it had not been sold for that price in more than a year. The highest bona fide offer received was $29,000 which was subject to a contingency and was rejected by the seller. This witness considered that this property enjoyed the same 10% to 13% yearly inflation as properties generally. Defendant's real estate expert found that the property's value as of February 6, 1975 was $27,000. It was his opinion this property had enjoyed no appreciation in value in the 1972–1975 period.

Other factors should be considered in determining the value of the property. The property was sold to plaintiff in this settlement for $27,000. No evidence has been introduced showing that this sale was not an arms length transaction or that there were any unusual factors which affected the sale price. Second, after being advertised for sale by the Sheriff, the property was sold at public auction for $25,000. Third, the assessed value of the property was $11,300.

■ I conclude that the valuation date for purposes of recovery here is the date on which defendant breached the contractual duty, namely, the settlement date of March 22, 1973. 5 *Corbin on Contracts,* p. 52, § 1005; *Damages to Persons and Property,* Oleck, pp. 506–515, §§ 255–6.[2] It is

---

1. The service contract between plaintiff and defendant did not fix an agreed value for purposes of that contract.

2. This was also the standard under the Uniform Sales Act. 6 Del.C. (1953 ed.) § 767. The Uniform Commercial Code has now adopt-

noted that plaintiff's real estate appraiser found that the value of the property in February 1975 was $34,000. He also noted that the property had been subject to an inflationary appreciation in value of from 10% to 13% per year. Recognizing that approximately two years elapsed after the settlement until the valuation date used by plaintiff's appraiser, applying a 10% increase per year would result in a value of $28,100 in early 1973 or $26,000 based upon the 13% per year increase in value. Hence, there is at most a $1,000 discrepancy between the March 1973 appraisal by defendant's appraiser who found that the value of $27,000 remained constant for the period 1972 to 1975 and the figure found by plaintiff's appraiser.

I conclude that the value of the property on the date of the breach was $27,000.

## II

■ According to the evidence, and as conceded by defendant, plaintiff incurred settlement expenses of $1,440.21. These are properly allowable as an item of damage.

## III

■ With respect to plaintiff's claim for moving expenses, I conclude that this is an allowable item of damage and that plaintiff is entitled to recover $400.

## IV

■ With respect to storage expenses, plaintiff claims the cost of storing his furniture for a period of 1 year after the mortgage foreclosure sale. Plaintiff is entitled to reasonable expenses incurred for a reasonable period after being evicted. However, plaintiff had a duty to mitigate damages. There has been no showing that

ed the date of discovery of the breach in place of the date of the breach for valuation. 6 Del.C. (1974 ed.) § 2–713. However, the U.C.C. is inapplicable to the matter being

if plaintiff had applied the same monthly payment which he was making on the mortgage, excluding the portion which was applied to debt reduction, he could not have found living quarters in which he could have accommodated his furniture. I conclude that plaintiff is entitled to storage expenses for three months, representing a total of $450.

## V

■ Plaintiff made substantial improvements in the property prior to the foreclosure. Plaintiff contends that the total expenditure was $2,255.69. Plaintiff lost the property within a reasonably short time after making the improvements. The improvements were consistent with the conditional and residential usage of the property and hence were reasonably foreseeable at the time of plaintiff's acquisition of the property in reliance upon defendant's title search. Plaintiff is entitled to recover this item.

## VI

■ Plaintiff next asserts that he is entitled to recover attorney's fee for prosecuting this action against defendant. Plaintiff does not contend that he incurred expenses defending his title against the outstanding lien or in determining what his rights were as to the property or in attempting to resolve the matter more favorably to him. Plaintiff's expenditures are for legal services for collecting on his claim against defendant. The general rule in this State is that a party must bear his own attorney fees and cannot expect to recover those fees from the opponent. *Honaker v. Farmers Mutual Insurance Company*, Del.Super., 313 A.2d 900 (1973); *Great American Indemnity Co. v. State,* 32 Del. Ch. 562, 88 A.2d 426 (1952); *Maurer v. International Re-Insurance Corp.,* 33 Del.

considered here. *Weed v. Lyons Petroleum Co.*, D.Del., 294 F. 725 (1923), aff'd., 300 F. 1005; 6 Del.C. § 2–102.

Ch. 456, 95 A.2d 827 (1953). While certain exceptions to this general rule have been recognized, particularly in equity matters, plaintiff has not shown that any of these exceptions are applicable to this case. Cf. *Walsh v. Hotel Corporation of America*, Del.Supr., 231 A.2d 458 (1967); *Mencher v. Sachs*, Del.Supr., 164 A.2d 320 (1960).

## VII

 Plaintiff also seeks damages for loss of reputation, embarrassment and emotional distress resulting from the foreclosure and his loss of the property. The breach of duty which is the basis of plaintiff's claims does not involve wilful or wanton conduct of defendant. Under the facts presented in this case, it is clear that the failure to report the judgment lien to plaintiff was a result of defendant's failure to discover the lien on the judgment docket, which did not rise above the quality of negligence. The evidence indicates that when the lien came to the attention of defendant, he immediately informed plaintiff of the problem, and did attempt to negotiate with the attorney for the lien holder to obtain a release of the property from the lien and that defendant did offer to pay $31,000 to the lien holder for the release of the property and this offer was rejected by the lien holder. These facts fail to show any element of ill will, malice or intention to cause injury to the plaintiff which would support a claim for punitive damages. Cf. *Nash v. Hoopes*, supra. The service which defendant undertook to perform was the search of the title to the property and to report any defects or matters which would prevent plaintiff and his mortgagee from obtaining clear title at settlement. It contemplated no physical impact and no occurrence of violent, repulsive or inflammatory nature which would be likely to generate serious emotional or psychological results. The general rule is that in an action based upon contract, unaccompanied by a related affirmative tortious physical act and unaccompanied by physical injury, mental suffering is not an element to be considered in awarding compensatory damages. *Restatement on Contracts* § 341; 5 *Corbin on Contracts* § 1076, pp. 425–37. The following comment in *Restatement on Contracts* § 341 is illustrative:

> "A pecuniary injury caused by breach of contract is likely to be accompanied by mental suffering. In some cases of sudden poverty or bankruptcy, the suffering may be more severe than in cases involving marriage or death; but for mental suffering so caused, no compensatory damages are given."

It is recognized that a different result has been reached in some cases which involved services to be rendered upon one's physical person or services which relate to matters of highly emotional or sentimental nature, such as weddings, illness, death or burial. 5 *Corbin on Contracts* 434–6, § 1076; 22 *Am.Jur.2d Damages* § 195, pp. 275–6.

Applying this principle, *Emerman v. Baldwin*, Pa.Super., 186 Pa.Super. 561, 142 A.2d 440 (1958), refused damages for mental suffering resulting from the loss of a place to live caused by the landlord's breach of the lease. Similarly, with respect to a building contract, see *Jankowski v. Mazzotta*, Mich.App., 7 Mich.App. 483, 152 N.W.2d 49 (1967).

The facts of this case distinguish it from instances of direct, conscious action of displacing a person from his home. Compare 17 *ALR 2d* 936; 88 *ALR 2d* 1367. Plaintiff's reliance on the annotation in 17 *ALR 2d* 936 is misplaced, since that annotation is concerned only with "unlawful eviction," resulting from affirmative action by the landlord which violated the tenant's contractual right to possession of the premises.

The fact that this State now recognizes that "fright, in one within the immediate area of physical danger from . . . negligence, which in turn produced physi-

cal consequences such as would be elements of damage if a bodily injury had been suffered," *Robb v. Pennsylvania Railroad Company,* Del.Supr., 210 A.2d 709 (1965) does not support plaintiff's claim here. This case does not involve physical danger, even if plaintiff otherwise might qualify to prove this type of damage, there is no competent evidence that plaintiff suffered physical consequences from fright. Cf. *Drozdov v. Webster,* Del.Supr., 345 A.2d 895 (1975); *Acme Markets, Inc. v. Downward,* Del.Supr., 314 A.2d 171 (1973); *Stuart v. Rizzo,* Del.Supr., 242 A.2d 477 (1968).

Finally, plaintiff's claim for loss of reputation is not a basis for damages in this type of action. This is properly recoverable in actions of libel, slander, malicious prosecution and abuse of process, in the absence of the elements of those actions. It is not a proper element of damages in the type of case involved here. *22 Am. Jur.2d Damages* § 156, pp. 225–6. Moreover, plaintiff's evidence is not persuasive that any loss of reputation occurred.

### VIII

Finally, plaintiff seeks punitive damages. Such an award may be made only if there is an element of ill will, malice or intention to cause injury to the plaintiff. *Nash v. Hoopes,* supra; *White v. Metropolitan Merchandise Mart,* Del. Super., 9 Terry 526, 107 A.2d 892 (1954); *Reynolds v. Willis,* Del.Supr., 209 A.2d 760 (1965); *Guthredge v. Penn-Mod, Inc.,* Del.Super., 239 A.2d 709 (1967). The evidence having a bearing on this issue has been discussed above. I find no evidence to support punitive damages.

### IX

Defendant contends that the principle of mitigation of damages is applicable to reduce plaintiff's recovery. This principle is applicable in a proper factual setting. Here, the amount of the lien under which the property was sold substantially exceeded the price plaintiff paid for the property, and there is substantial doubt that the then value of the property approximated the amount which the lien holder was demanding. There is no evidence that the purchase of the property at the demanded price was within the financial capabilities of plaintiff. Moreover, defendant had an equal opportunity to redeem the property from the lien holder. Against this background, defendant is not entitled to a reduction of plaintiff's claim under the principle of mitigation of damages.

### X

In summary, plaintiff is entitled to recover from defendant as follows: $27,000—value of property; $1,440.21—settlement expenses; $400.00—moving expenses; $450.00—storage expenses; $2,255.69—improvement costs—$31,545.90—Total.

Defendant has heretofore paid plaintiff's entire mortgage indebtedness on the property in the principal amount of $26,467.37. This must be deducted from the above total—$31,545.91—$26,467.37=$5,078.53.

Judgment is entered in favor of plaintiff against defendant in the amount of $5,078.53, with interest from February 11, 1975 and costs.

IT IS SO ORDERED.